838 P.2d 890

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Douglas DOWALO, Defendant–Appellant.**

**No. 19392.**

Court of Appeals of Idaho.

Oct. 6, 1992.

Stevan H. Thompson for Weinpel, Woolf & Combo, Idaho Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Douglas Dowalo pled guilty to first degree burglary, first degree kidnapping, and aggravated battery. I.C. §§ 18–1401, –1402, –1404; I.C. §§ 18–4501, –4502; I.C. §§ 18–903(a), –907(b). In exchange for those pleas, the state agreed to dismiss four counts of rape and further agreed not to seek the death penalty in conjunction with the plea to first degree kidnapping.

Dowalo appeals contending that the district court erred by allowing improper information to be included in his presentence investigation report (PSI). He contends that the court abused its sentencing discretion generally, and specifically by failing to state for the record mitigating and aggravating factors considered in its sentencing determination.

Dowalo and the victim were married for approximately a year and one-half, before their divorce on November 16, 1988. During the weeks prior to April 17, 1990, the date the events giving rise to the charges took place, Dowalo was unemployed and lived primarily at his father's house although he stayed several days at the victim's home.

On the evening of April 16, the victim returned home from work at approximately 10:00 p.m. The victim telephoned Dowalo's father and discussed Dowalo going in to see her employer to be compensated for assisting the victim in her work. At the time Dowalo was not home. Dowalo returned to his father's house that evening at which time his father informed him of the telephone call from the victim. Dowalo's father also testified at the sentencing hearing that Dowalo was intoxicated when he returned, and that they had an argument in which he informed his son that he wanted him out of the house and that he was not to return home intoxicated in the future. At approximately 12:30 a.m., April 17, the victim received a telephone call from Dowalo who inquired what the victim had told his father. The victim went back to bed and fell asleep.

Sometime in the early morning of April 17, the victim was awakened by a crash of glass breaking and heard footsteps across her floor. She attempted to telephone the police, however, her attempts to telephone for help were fruitless as Dowalo had cut her telephone line. Dowalo walked into her bedroom holding a knife and turned the light on. He eventually undressed himself and tore the victim's nightshirt partially off and under threats with the knife, forced her to have sexual intercourse with him.

Dowalo forced the victim to have sex with him a total of four times. On several occasions, Dowalo further inquired as to what the victim may have told his father and told the victim that he wanted to kill himself. He often threatened her with the knife and told her not to "try anything."

At approximately 8:00 a.m., the victim's landlord discovered the cut telephone line and the broken front window and inquired within. After the victim responded with a scream, the police were summoned. When they entered the home, they found Dowalo holding a knife to the victim's throat. She was sitting on a chair, while he remained crouched behind her. The police conversed in the house with Dowalo for approximately two and one-half hours before they ultimately subdued him. Dowalo repeatedly told the police to kill him or else he would harm the victim.

■ Dowalo first contends that the PSI contained several errors. He asserts that the victim's statement was improperly included in the PSI contrary to I.C.R. 32(b)(1) because the statement was not a direct quote from the victim, but rather a narrative by the PSI investigator. The rule does not require that victim statements be verbatim; it provides that a full PSI "shall contain ... the victim's version, where relevant to the sentencing decision." I.C.R. 32(b)(1).

The district court granted two of Dowalo's motions leading up to sentencing. The first motion allowed Dowalo to have his psychiatric expert prepare a report concerning Dowalo's mental condition. The second motion allowed the defense to present a separate independent presentence investigation report. We have previously stated:

> Provided that a defendant is afforded a full opportunity to present favorable evidence and to explain and rebut adverse evidence, and a reasonable opportunity to examine all of the materials contained in the PSI, the defendant and the court can be assured of the reliability and the fairness of the conclusions presented therein.

*State v. Chapman,* 120 Idaho 466, 471, 816 P.2d 1023, 1028 (Ct.App.1991) (citing *Cunningham v. State,* 117 Idaho 428, 431, 788 P.2d 243, 246 (Ct.App.1990)). The independent presentence report presented by the defense was prepared approximately three weeks after the court ordered the PSI. The sentencing hearing was continued to assist the defense in its preparation of this independent investigation. The record also reflects that witnesses testified at the hearing, and that Dowalo was allowed to cross-examine the state's witnesses. Dowalo was "afforded a full opportunity to present favorable evidence and to explain and rebut adverse evidence." Moreover, the presentence report presented by the defense contained a narrative of Dowalo's version which presumably he wanted the court to consider, although he argues that the court erred by considering the narrative of the victim's statement in the PSI. We conclude that the court did not err in refusing to strike the part-narrative, part-verbatim statement of the victim from the PSI.

■ Dowalo also contends that the statement contained in the PSI from the victim's counselor, to the effect that the victim was suffering from post-traumatic stress disorder and depression and will continue to need counseling for six to nine months, was improper. Dowalo's reasons for this contention are that the statement is beyond the investigator's expertise, and the PSI does not contain any substantiating report from the counselor. Upon objection, the district court ruled that the information was hearsay, but that under the rule, the court may consider the information where the investigator believes that it is reliable. The court stated that the fact that the investigator included the statement in the PSI implied a belief of reliability. This ruling was not erroneous. *See* I.C.R. 32(e)(1); *State v. Paz,* 118 Idaho 542, 553–54, 798 P.2d 1, 12–13 (1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2911, 115 L.Ed.2d 1074 (1991).

■ Finally, Dowalo contends that including the impressions of the investigator in the PSI was improper. Dowalo specifically challenges the investigator's state-

ments that he was "manipulative" and "not honest on several issues" and that he "does not accept responsibility" and the investigator questioned "the sincerity of the remorse he expresses." The district court ruled that these comments were essentially an "analysis of the defendant's condition" which is required to be included. I.C.R. 32(b)(10). The court also ruled that the statements complained of addressed the investigator's opinion as to broad mental and psychological factors which I.C.R. 32(b)(10) specifically addresses. The denial of Dowalo's motion to exclude these statements from the PSI was proper.

■ The second claim of error is that the district court abused its sentencing discretion. Dowalo contends that the court failed to specifically state the aggravating and mitigating factors which it considered in its sentencing determination. Dowalo cites the factors contained in I.C. § 19–2521 and impliedly argues that the court erred by not specifically addressing these factors. Dowalo acknowledges that the law does not require a district court to delineate each factor in I.C. § 19–2521 which it relied upon. *See State v. Nield*, 106 Idaho 665, 682 P.2d 618 (1984) (quoting *State v. Osborn*, 104 Idaho 809, 663 P.2d 1111 (1983)) (courts are encouraged to set forth the reasons for the imposition of a particular sentence but are not required to do so). However, Dowalo argues that the court's failure to set forth the ·factors prevents this Court from adequately determining whether the district court abused its sentencing discretion. We disagree.

■ Dowalo contends that the district court abused its discretion in its initial sentencing and in its denial of his I.C.R. 35 motion. Dowalo challenges the fixed ten-year term of his sentence for first degree kidnapping. We treat this fixed portion as the term of confinement for our sentence review. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989). Our standard of reviewing a sentence is well settled. Dowalo must show that the district court clearly abused its discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). To do so, he must show that the

sentence is unreasonable. *Id.* We examine the reasonableness of a sentence in light of the nature of the offense and the defendant's character. *State v. Shideler*, 103 Idaho 593, 651 P.2d 527 (1982).

■ We have often cited *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982) for its definition of reasonableness. In *Toohill*, we stated that we determine the reasonableness of a sentence in light of the necessity to protect society foremost, and secondly to punish, rehabilitate and deter the defendant and deter society in general. *Id.* We apply these same criteria in our review of the denial of a Rule 35 motion. *State v. Matthews*, 118 Idaho 659, 798 P.2d 941 (Ct.App.1990). We further stated in *Toohill* that a sentence would not be overturned if reasonable minds would differ as to its proper length. *State v. Toohill, supra.*

■ At his sentencing hearing, Dowalo testified that he first entered the victim's home on April 17, when she voluntarily allowed him to enter; he did not break in. He also testified that they had consensual sex, after which he left. He testified that later, because he was feeling depressed and wanted to commit suicide, he broke into the victim's house with the intent of finding a means to kill himself, such as a rope. Although Dowalo admitted to having threatened the victim, he contends he only threatened her while the police were present in an effort to induce them to shoot him. He testified that he had told the victim that he would only pretend to threaten her in an effort to be shot. Dowalo contends that the district court failed to adequately consider his need for treatment.

The record is replete with testimony to the contrary from the victim at the preliminary hearing. Her testimony reveals that she was awakened by Dowalo's breaking into her house, and that she did not voluntarily allow him to enter on April 16 or 17. Dowalo ordered her to take her night shirt off and then tore it partially off when she did not comply. Dowalo hit the victim in the face with his hand. The victim also testified that Dowalo raped her four separate times using threats of force and while

holding a knife or keeping it within reach. Although the four counts of rape were dismissed, the district court is entitled to consider the victim's testimony regarding these acts where she was subject to cross-examination; Dowalo testified in an attempt to rebut these allegations and the information is probative as to Dowalo's character. *See State v. Eubank,* 114 Idaho 635, 759 P.2d 926 (Ct.App.1988) (court did not err in considering evidence of uncharged crimes where the information was found to be probative and reliable). Police officers testified that during their two and one-half hour standoff with Dowalo, he continuously held the blade of the knife to the victim's throat. At times the knife was pressed with such force that it left impressions on her throat and on one occasion it apparently interfered with her ability to breathe.

It is clear that the offenses committed by Dowalo were very serious. As to his character, he has suffered from alcohol and drug abuse since he was a teen. He has been convicted of five prior misdemeanors and in 1983 one felony, infamous crime against nature. Although the circumstances of the felony indicate that he was not the instigator, he nevertheless participated in the crime. Dowalo has been employed in the past and apparently has some skills such as welding. Dowalo has expressed remorse at various times, but he has also attempted to diminish the seriousness of the crimes.

Based upon the facts and circumstances of these offenses and Dowalo's character, we hold that the district court did not clearly abuse its discretion in sentencing Dowalo or in denying his Rule 35 motion. Nor was it error to admit the challenged portions of the PSI. We affirm the judgment of conviction and the sentences imposed.

WALTERS, C.J., and SILAK, J., concur.