901 P.2d 494

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lacey M. SIVAK, Defendant–Appellant.**

Nos. 20212, 20681.

Supreme Court of Idaho,
Boise, March 1994 Term.

Aug. 18, 1995.

Nevin, Kofoed & Herzfeld, Boise, for appellant. David Z. Nevin, argued.

Larry EchoHawk, Idaho Attorney General; Lynn E. Thomas, Deputy Attorney General, Boise, for respondent. Lynn E. Thomas, argued.

TROUT, Justice.

This is a death penalty case which has been the subject of three prior appeals to this Court. *State v. Sivak*, 105 Idaho 900, 674 P.2d 396 (1983) (*Sivak I*); *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986) (*Sivak II*); *State v. Sivak*, 119 Idaho 320, 806 P.2d 413 (1990) (*Sivak III*). In *Sivak I*, this Court upheld Sivak's conviction for first-degree murder and the death sentence imposed by the trial court. In *Sivak II*, a post-conviction proceeding, this Court vacated the trial court's death penalty sentence and remanded the case for resentencing to permit Sivak to present further evidence in mitigation. Following the remand in *Sivak II*, the trial court again sentenced Sivak to death. In *Sivak III*, we concluded that the trial court failed to weigh the aggravating and mitigating circumstances as required by this Court in *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989), and we again vacated the sentence and remanded the case to the trial court for resentencing. Following the remand in *Sivak III*, the trial court again sentenced Sivak to death. Now on appeal before this Court again, Sivak appeals from the imposition of the death penalty and the district court's denial of his motion for post-conviction relief. The case is also subject to mandatory review as mandated by I.C. § 19–2827(c).

## I.

Sivak argues that the district court erred by denying both of Sivak's motions to disqualify Judge Newhouse from presiding over the resentencing and the post-conviction relief hearing. Sivak asserts that Judge Newhouse evidenced his prejudice against him and his animus against his defense counsel in a document called "On the Record," which was a disclosure of telephone calls and letters that Judge Newhouse had received prior to *Sivak II*. In *Sivak II*, this Court held that Judge Newhouse had undoubtedly disregarded any unsolicited telephone calls and letters; however, the Court recommended that Judge Newhouse disclose the information since the matter was being remanded, in the interests of "clearing the air completely." Sivak also asserts that prejudice is evidenced by comments Judge Newhouse made to his defense counsel. We find no basis here for reversal.

Sivak filed two motions to have Judge Newhouse disqualified as the presiding judge. One motion was made pursuant to Criminal Rule 25(b)(4), prior to sentencing; the other was based upon I.R.C.P. 40(d)(2)(A)(4), and was brought prior to the hearing on the petition for post-conviction relief. We review both of these motions to determine whether Judge Newhouse abused his discretion in not disqualifying himself. *State v. Brown*, 121 Idaho 385, 392, 825 P.2d 482, 489 (1992). We have held that when addressing a motion to disqualify brought under Criminal Rule 25, which was denied, the judge must recognize the case has been judged, that lasting opinions have been formed, and that the judge must determine if the proper legal analysis which the law requires can be performed. *State v. Beam*, 115 Idaho 208, 215, 766 P.2d 678, 685 (1988), *cert. denied*, 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989). If the judge can make the proper legal analysis, then the motion to disqualify should be denied. *Id.*

After a careful examination of the record, there is absolutely no question that Judge Newhouse did not abuse his discretion in determining that he could sit fairly and impartially and perform the proper legal analysis which the law requires to be performed. Therefore, Judge Newhouse properly denied both motions to disqualify.

## II.

Sivak argues that the district court erred by improperly instructing the jury on the definition of reasonable doubt. He argues that the reasonable doubt instruction given

to the jury is unconstitutional because it misstates the law and impermissibly shifts the burden of proof to the defense. Sivak bases his argument upon the United States Supreme Court holding in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).

■ We note that the remand granted in *Sivak III* was for the limited purpose of resentencing and, therefore, a challenge to a jury instruction given at trial which could have been raised in the appeal of the conviction (*Sivak I*) is no longer a viable issue. *State v. Searcy*, 120 Idaho 882, 820 P.2d 1239 (Ct.App.1991). However, we would still conclude that the district court correctly instructed the jury.

■ The district court provided the jury with the "CALJIC" instruction which was approved for use in *State v. Holm*, 93 Idaho 904, 907–08, 478 P.2d 284, 288 (1970), and again in *State v. Cotton*, 100 Idaho 573, 577, 602 P.2d 71, 75 (1979) ("we must again reiterate that the instruction as stated in California Jury Instruction 2.90 ... is preferred and is the one that all courts in Idaho should use in a criminal case"). Virtually the same jury instruction with some additional language was again approved by this Court in *State v. Rhoades*, 121 Idaho 63, 82–83, 822 P.2d 960, 979–80 (1991) (on rehearing), *cert. denied*, 506 U.S. 1047, 113 S.Ct. 962, 122 L.Ed.2d 119 (1993), after we considered the United States Supreme Court holding in *Cage v. Louisiana*. Additionally, the United States Supreme Court recently addressed the constitutionality of this same CALJIC instruction, in particular the use of the phrases "moral evidence" and "moral certainty." *Victor v. Nebraska*, —— U.S. ——, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (*Sandoval v. California*, was addressed in the same opinion as part of a consolidated appeal). The Supreme Court found that the instruction explicitly advised the jury of their responsibility in reviewing the evidence and that the instruction was constitutional in the context of the jury instructions as a whole. Just as in *Sandoval*, there were other instructions given here which further advised the jury of its duty to weigh evidence presented in court. The jury was not left to weigh some moral beliefs or evidence not properly before them. As to the phrase "moral certainty," the Supreme Court held that the instruction itself "lends content to the phrase." *Id.*, —— U.S. at ——, 114 S.Ct. at 1247. In Sivak's case there was also an additional instruction which further defined "moral certainty" and related to its proof. Thus we conclude that the jury in Sivak's trial was properly instructed as to the definition of reasonable doubt.

### III.

Sivak next asserts that the district court erred at sentencing in relying upon a transcribed police interview with Randall Bainbridge, Sivak's companion in the murder of Dixie Wilson. He argues both that the statements made by Bainbridge are inherently unreliable in violation of the United States and Idaho constitutions, and in violation of I.C.R. 32(e); and that the district court erred in relying upon the transcript rather than requiring Bainbridge to testify at the sentencing hearing, in violation of I.C. § 19–2516.

■ First, as to Sivak's argument that the inclusion of the statement of Bainbridge in the presentence report violated Rule 32(e), we find no merit to that assertion. I.C.R. 32(e) permits the inclusion of hearsay "where the presentence investigator believes that the information is reliable...." Here it is obvious from the contents of the report that the investigator understood the requirements of Rule 32, and there is no indication from the report or anything presented by Sivak that the investigator did not consider Bainbridge's transcribed statement to be reliable. In fact, from its inclusion in the presentence report, it may be inferred that the investigator considered it to be reliable. *See State v. Paz*, 118 Idaho 542, 554, 798 P.2d 1, 13 (1990) (citing *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989)). *See also State v. Dowalo*, 122 Idaho 761, 838 P.2d 890 (Ct.App. 1992).

■ Moreover, we presume that a sentencing judge is able to ascertain the relevancy and reliability of a broad range of information which may be presented during the

sentencing process, and to disregard that which is irrelevant and unreliable. *E.g., State v. Newman*, 124 Idaho 415, 417, 860 P.2d 618, 620 (1993) (quoting *State v. Pierce*, 100 Idaho 57, 58, 593 P.2d 392, 393 (1979)). Judge Newhouse was very familiar with the facts of this case and with the identity and possible motivations of Bainbridge in providing an exculpatory statement. Sivak merely asks us to give no weight to the sentencing court's determination of reliability and to make our own independent determination on appeal. Because the Bainbridge statement does not appear to be based on mere conjecture or speculation, I.C.R. 32(e), we decline to set aside the prior determinations of reliability made by both the sentencing court and the presentence investigator.

■ As to Sivak's due process argument, we find that it too has no merit. Due process is violated when a sentence is based on materially false or unreliable information. *E.g. United States v. Messer*, 785 F.2d 832 (9th Cir.1986). Sivak asks us to adopt the absolute position that statements from a co-defendant are inherently unreliable. This position fails to comport with federal case law, and we decline to adopt it under the Idaho Constitution. Material information is "unreliable" if it "lacks 'some minimal indicium of reliability beyond mere allegation.'" *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984) (quoting *United States v. Baylin*, 696 F.2d 1030, 1040 (3rd Cir.1982)). As we noted in *Sivak I*, Sivak's fingerprint was found on the murder weapon. The evidence also indicated that he had previously worked at the gas station that was the scene of the murder, that he was known to the victim, and that the victim had expressed animosity toward him. Further, Sivak had telephoned the gas station to inquire as to which employee would be working on the date of the murder. Finally, the gun used in the attack was found in a storage shed rented by Sivak. *Sivak I*, 105 Idaho at 902, 674 P.2d at 398. This independent evidence of motive, intent, and a connection to the murder weapon provides at least "some minimum indicia of reliability" in that it tends to corroborate Bainbridge's statement that Sivak committed the murder. Accordingly, Sivak was not denied

due process by the sentencing court's consideration of the Bainbridge statement.

■ Finally, Sivak asserts that the consideration of Bainbridge's transcribed statement violated I.C. § 19–2516 which requires that "[t]he circumstances must be presented by the testimony of witnesses examined in open court...." Sivak cites in support of this assertion our decision in *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989). That case is not on point as the hearsay in *Charboneau* came in the form of a letter provided directly to the court, not attached to the presentence report. Sivak acknowledges that the facts of this case are different from those in *Charboneau*, and that I.C. § 19–2516 contains "an exception to the live testimony rule for presentence reports," an exception which was fully discussed in *Charboneau*. *See also State v. Creech*, 105 Idaho 362, 670 P.2d 463 (1983) (interpreting the presentence investigation requirements of I.C. § 19–2515 as an exception to the live witness requirement of § 19–2516). Sivak then makes the circuitous argument that only reliable hearsay may be attached to a presentence report and that the Bainbridge statement is not reliable, relying again on the Rule 32 and due process arguments discussed above. Clearly both the rule and the statute permit the court's consideration of a broad range of information which is useful to the court's ultimate determination of the appropriate sentence. We find no violation of the provisions of I.C. § 19–2516 by the trial court's consideration of the Bainbridge statement.

**IV.**

Sivak argues that this Court should reconsider its holdings in prior cases and find that the "especially heinous, atrocious, and cruel" language used in statutory aggravating factor I.C. § 19–2515(g)(5), is unconstitutionally vague. Further, he argues that the "manifesting exceptional depravity" language also used in statutory aggravating factor (g)(5) is unconstitutionally vague. We will not readdress these issues.

In *Sivak I*, we affirmed prior decisions of this Court which held that I.C. § 19–2515(g)(5), was not unconstitutionally vague. *See also State v. Osborn*, 102 Idaho 405, 631

P.2d 187 (1981); *State v. Creech,* 105 Idaho 362, 670 P.2d 463 (1983). In addition to our holding in *Sivak I,* the Court specifically held that the "manifesting exceptional depravity" language, as used in statutory aggravating factor (g)(5), is not unconstitutionally vague in *State v. Leavitt,* 121 Idaho 4, 822 P.2d 523 (1991), *cert. denied,* 506 U.S. 972, 113 S.Ct. 460, 121 L.Ed.2d 368 (1992).

### V.

Sivak next contends that the district court erred in using the same evidence or by engaging in "double counting" of evidence to find, beyond a reasonable doubt, the existence of the statutory aggravating factors, I.C. § 19–2515(g)(5)–(6). Because of the presence of two additional aggravating factors which are not being challenged in this appeal, we need not address this issue.

 The district court in this case found four aggravating factors when evaluating the imposition of the death penalty, namely I.C. § 19–2515(g)(5)–(8). I.C. § 19–2515 requires the district court, when considering the imposition of the death penalty, to find one statutory aggravating factor beyond a reasonable doubt. In this instance, the district court found four, including factors (g)(7)–(8), which are not challenged on appeal, and were in fact affirmed in *Sivak I* and *Sivak II.* The district court complied with the statutory requirement of finding the existence of one statutory aggravating factor that outweighs all of the mitigating evidence. *See State v. Fain,* 116 Idaho 82, 774 P.2d 252 (Johnson, J. special concurrence), *cert. denied,* 493 U.S. 917, 110 S.Ct. 277, 107 L.Ed.2d 258 (1989). Thus, even if Sivak were correct in his assertion that the district court erred by double counting evidence to find statutory aggravating factors (g)(5)–(6), it would not have any effect on the ultimate imposition of the death penalty. We will not address issues on appeal which will not affect the outcome of the case. *See Dredge Mining Control–Yes!, Inc. v. Cenarrusa,* 92 Idaho 480, 445 P.2d 655 (1968); *Schleiff v. McDonald,* 37 Idaho 423, 216 P. 1044 (1923).

### VI.

 Sivak argues that his petition for post-conviction relief should not have been denied, and that the district court erred in disposing of the issues by ruling that they had been decided in the previous motion for post-conviction relief (filed by Sivak in 1984) and in the three previous appeals to this Court. Sivak asks this Court to remand the proceeding to the district court for an evidentiary hearing on these issues.

The district court was correct in determining that the issues raised in Sivak's post-conviction relief petition had been decided in the earlier appeals. We note that Sivak's current petition for post-conviction relief contains virtually the same issues as those raised in the 1984 petition. Those issues were addressed by this Court in *Sivak II.*

Sivak did raise three new issues in his present petition for post-conviction relief; however, the new issues were either already decided in a previous appeal or are decided in other parts of this opinion. Thus, there is no need for any further hearings as requested by Sivak.

The first new issue concerns the constitutionality of the reasonable doubt instruction given to the jury at his trial. As discussed above, we have determined that the reasonable doubt jury instruction given is constitutional. Sivak also raised as a new issue that the aggravating circumstances found by the district court were not supported by substantial, competent evidence. This issue is part of this Court's mandatory death sentence review conducted in all death penalty cases, and we will review the issue in that context. I.C. § 19–2827. Finally, Sivak raised his concern that I.C. § 19–2515 (Idaho's death penalty statute), creates a presumption for imposition of the death penalty, imposing an impermissible burden upon the defendant. In *Sivak III* the Court stated:

> [t]his Court has previously rejected the argument that I.C. § 19–2515(c) violates the eighth amendment because it places the burden on a defendant to prove the existence of mitigating circumstances that outweigh any aggravating circumstance that is found. *State v. Charboneau,* 116 Idaho 129, 154, 774 P.2d 299, 324 (1989).

119 Idaho at 324, 806 P.2d at 417. We see no reason to revisit this issue nor any of the others raised again by Sivak. The district court did not err by denying Sivak's petition for post-conviction relief.

■ We also note that the district court did not summarily dismiss Sivak's petition for post-conviction relief, as he asserts. To the contrary, the district court allowed Sivak to amend his petition for post-conviction relief and advised him that an evidentiary hearing would be set. Five days prior to the evidentiary hearing, a month and a half after the court granted Sivak's motion to amend his petition for post-conviction relief, Sivak filed an amended petition. On the day of the evidentiary hearing, Sivak's counsel announced that he was not ready to go forward and present evidence, and refused the court's suggestion that he make an offer of proof with respect to the allegations in the amended petition, saying that he was "unprepared for that." The district court properly denied Sivak's petition for post-conviction relief.

## VII.

Finally, Sivak asks this Court to review all the issues previously raised in *Sivak I, Sivak II,* and *Sivak III.* Because Sivak provides no reasoning to persuade us that the rulings in the previous appeals were incorrect, and because the issues were carefully considered by the Court on those earlier occasions, we decline the invitation to reconsider the issues previously addressed.

## VIII.

Idaho Code § 19–2827(c) requires the Supreme Court to review all cases in which the death penalty has been imposed. The Court is required to inquire into and determine:

(1) Whether the sentence of death was imposed under the influence of passion,

prejudice, or any other arbitrary factor, and

(2) Whether the evidence supports the judge's finding of a statutory aggravating circumstance from among those enumerated in § 19–2515, Idaho Code, and

(3) Whether the sentence of death is excessive.[1]

After careful review of the record of the trial and sentencing hearing, we are convinced that the district court did not impose a sentence of death upon Sivak under the influence of passion, prejudice, or any other arbitrary factor, either against Sivak himself or his counsel.

■ As to the second element of our inquiry, we conclude that the aggravating circumstances found by the trial court are amply supported by the record. There is absolutely no question that Sivak brutally and senselessly murdered Dixie Wilson, a former co-worker, during the course of a robbery, exhibiting the specific intent to take her life. The evidence presented at the trial, sentencing hearing and in the presentence investigation report, establish the aggravating circumstances found in I.C. § 19–2515(g)(7)–(8) by substantial competent evidence.

As to the third element of our inquiry, we have had the opportunity to review the excessiveness requirement in light of the recent amendment to I.C. § 19–2827(c)(3) in *State v. Fields,* 127 Idaho 904, 908 P.2d 1211 (1995) 1995 WL 61994. As we stated in *Fields,* the elimination of the language in the statute relating to proportionality rendered the term "excessive" meaningless. We therefore decline to undertake any consideration of the "excessiveness" of the sentence beyond our independent review to determine whether the district court's finding and weighing of aggravating and mitigating factors is supported by the record.

---

1. In the 1994 legislative session the Idaho Legislature amended I.C. .§ 19–2827(c)(3) effective July 1, 1994, by removing the statutory mandate upon the Supreme Court to determine if the sentence of death is disproportionate to other instances when the death penalty had been imposed. Prior to its amendment, I.C. § 19–2827(c)(3) required this Court to review whether

"the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." (emphasis added).

Because this opinion was released after July 1, 1994, we will not review whether the sentence of death as applied to Sivak was disproportionate to the penalty imposed in similar cases.

## IX.

## CONCLUSION

After carefully considering the issues raised by Sivak, challenging both the sentence and the conviction, the issues raised in his post-conviction relief petition, and after performing the statutorily required review of the death sentence, we hold that the sentence of death imposed against Lacey M. Sivak is affirmed. Upon issuance of the remittitur the district court shall set a new execution date. I.C. § 19–2719(11).

McDEVITT, C.J., and JOHNSON and SILAK, JJ., concur.

BISTLINE, J., did not participate in this substitute opinion due to his retirement.