971 P.2d 327

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gilberto F. RODRIGUEZ, Defendant–Appellant.**

No. 23977

Court of Appeals of Idaho.

Dec. 7, 1998.

Donald "Bob" Workman, Fort Mohave, Arizona, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHWARTZMAN, Judge.

Gilberto F. Rodriguez appeals from the district court's partial denial of his motion to strike portions of his presentence investigation report. Rodriguez also asserts that his unified sentence of thirty years, with ten years fixed, is excessive. For the reasons set forth, we affirm.

## I.

### FACTS AND PROCEDURE

In accordance with a plea agreement, Gilberto F. Rodriguez pled guilty to two counts of delivery of a controlled substance, methamphetamine, in violation of I.C. § 37–2732(a)(1)(A). At his sentencing hearing Rodriguez made a motion to strike portions of his presentence investigation report (PSI), claiming that they contained inadmissible hearsay. The district court partially granted the motion and excluded Rodriguez's medical records and a doctor's statement regarding his treatment of Rodriguez. Thereafter, the parties also agreed that speculation in the report suggesting that Rodriguez was involved in two murders would not be considered.[1] However, the district court denied the motion as to the rest of the report.

---

1. During the sentencing hearing the district court verbally articulated which portions of the PSI would not be considered because they were deemed unreliable. However, we regard the *better procedure* to be a "redlining" of the report, in which the court physically notes which portions are excluded. This procedure not only ensures a clear record for review but also protects the defendant against misuse of the unreliable information in the future. The use of a PSI does not end with the defendant's sentencing. The report goes to the Department of Corrections and may be considered by the Commission of Pardons and Parole in evaluating the defendant's suitability for parole. *See* I.C.R. 32(h). In addition, if the defendant reoffends, any prior PSI is usually presented to the sentencing court with an update report from the presentence investigator. Thus,

In addition to the motion to strike, counsel for Rodriguez informed the court that he intended to object to any testimony regarding uncharged prior bad acts. During the hearing, the prosecution called a number of witnesses who testified to uncharged crimes allegedly committed by Rodriguez, including numerous drug deals and a shootout in a residential neighborhood. These witnesses included a number of the hearsay declarants who had also provided information to the presentence investigator.

The district court imposed a unified sentence of thirty years, with ten years fixed. Rodriguez appeals asserting that the district court erred when it only partially granted his motion to strike and allowed witnesses to testify about unrelated and uncharged crimes. He also claims that the district court abused its discretion by imposing an excessive sentence.

## II.

## THE DISTRICT COURT DID NOT ERR WHEN IT PARTIALLY DENIED RODRIGUEZ'S MOTION TO STRIKE PORTIONS OF HIS PSI REPORT

■ Rodriguez asserts that the district court erred when it failed to strike portions of his PSI which included inadmissible hearsay. Whether the district court erred when it denied, in part, his motion to strike or delete portions of the presentence investigation report is reviewed on appeal under an abuse of discretion standard. *State v. Campbell,* 123 Idaho 922, 925, 854 P.2d 265, 268 (Ct.App.1993).

■ The rules of evidence are not applicable to presentence investigation reports, and evidence that would otherwise be inadmissible at trial may be considered in the trial court's discretion. *Fodge v. State,* 125 Idaho 882, 885, 876 P.2d 164, 167 (Ct.App. 1994). It is well settled that hearsay information believed to be reliable may be set forth in a presentence report, so long as the

defendant is afforded an opportunity to present favorable evidence and to explain or rebut the adverse information. However, hearsay information must be disregarded if there is no reasonable basis to deem it reliable, as where the information is simply conjecture. *See* I.C.R. 32(e)(1); *State v. Viehweg,* 127 Idaho 87, 896 P.2d 995 (Ct.App.1995); *Fodge,* 125 Idaho at 886, 876 P.2d at 168; *Cunningham v. State,* 117 Idaho 428, 788 P.2d 243 (Ct.App.1990); *State v. Eubank,* 114 Idaho 635, 759 P.2d 926, (Ct.App.1988).

In asserting that his PSI report contained inadmissible conjecture, Rodriguez relies upon the standard articulated in *State v. Mauro,* 121 Idaho 178, 824 P.2d 109 (1991). In *Mauro,* the defendant objected to the inclusion of information obtained from the United States Attorney's office. The PSI related monitored conversations and statements from confidential informants insinuating that the defendant was deeply involved in a major drug distribution organization. In considering the report the Idaho Supreme Court held,

[w]ithout an explanation from the presentence investigator *why* he believed that the hearsay information was reliable, or an indication by the trial court that he was not relying on it, we conclude that the presentence report contained too much speculation and conjecture, and too little support for why the presentence investigator believed the hearsay information was reliable, to comply with I.C.R. 32(e).

*Id.* at 183, 824 P.2d at 114 (emphasis added). Rodriguez asserts that his PSI is flawed with the same type of conjecture and speculation as the *Mauro* PSI and, therefore, his sentence should be vacated and the case remanded to the district court for resentencing with a new PSI.

Although *Mauro* required the presentence investigator to articulate the reasons he found the hearsay information reliable, later case law has disclosed that this formality is not always necessary. In *State v. Dowalo,*

---

a PSI follows a defendant indefinitely, and information inappropriately included therein may prejudice the defendant even if the initial sentencing court disregarded such information. Accordingly, we recommend that the district court

in this case cross out on Rodriguez's PSI those portions that were disregarded by the court at sentencing and forward a corrected copy to the Department of Corrections.

122 Idaho 761, 838 P.2d 890 (Ct.App.1992), this Court determined that the mere inclusion of a doctor's statement in the PSI implied the investigator's belief of reliability. *Id.* at 763, 838 P.2d at 892. In *State v. Sivak,* 127 Idaho 387, 901 P.2d 494 (1995), the Idaho Supreme Court adopted this principle of inferring the investigator's belief of reliability from the inclusion of the information in the report. *Id.* at 390, 901 P.2d at 497. In *Sivak,* the defendant wished to exclude from his PSI a statement given to police by his partner in a murder. The Supreme Court held that the statement was properly included in the PSI, pointing out that the investigator did not indicate that he found the statement to be unreliable. *Id.* It then noted that the sentencing judge was very familiar with the case, the identity of the declarant, and the possible motivations for the declarant to lie. The Supreme Court relied upon the sentencing court's ability to *itself* determine the reliability of the statement and to disregard what is irrelevant or unreliable. *Id.* at 391, 901 P.2d at 498.

In both *Dowalo* and *Sivak,* and unlike *Mauro,* the hearsay declarants were clearly identified in the PSI report. Because the sentencing court could identify the declarant, it had information upon which it could base an independent determination of the reliability of the statement. Furthermore, the identification of the hearsay declarant provided the defendant with the opportunity to call the declarant to the stand and challenge his credibility and the reliability of the information in the report. Thus, relevant case law demonstrates that if a sentencing court has sufficient information to make an independent determination of reliability, it is not necessary for the investigator to formally justify its inclusion in the report.

■ In this case, all but one of the hearsay declarants were clearly identified in the PSI. Further, the one individual not identified in the PSI was called to testify at the hearing. Therefore, Rodriguez had the opportunity to examine the hearsay declarants and challenge both their credibility and the

reliability of the statements.[2] At the hearing, counsel for Rodriguez cross-examined a number of the hearsay declarants quoted in the PSI. In doing so, he informed the court of the declarants' sources of knowledge, motivations to lie, and personal participation in the local drug culture. Counsel also offered information to the court which revealed the inaccuracy of one claim in the report, and the fact that one hearsay declarant had recanted her statement. The sentencing court was therefore presented with both the assertions of the prosecution found in the PSI and hearing testimony as well as Rodriguez's rebuttal information. This gave the court sufficient information to make an independent determination on the reliability of the hearsay statements. Therefore, although the PSI may have lacked the formality required by *Mauro,* this deficiency was remedied by Rodriguez's opportunity to present favorable evidence and to explain or rebut the adverse information. Accordingly, the district court did not abuse it's discretion when it only partially granted Rodriguez's motion to strike portions of his PSI report.

## III.

## RODRIGUEZ FAILED TO PROPERLY PRESERVE THE ISSUE OF WHETHER THE DISTRICT COURT ERRED WHEN IT ALLOWED WITNESSES TO TESTIFY REGARDING UNCHARGED PRIOR BAD ACTS

■ During the sentencing hearing witnesses testified to Rodriguez's participation in uncharged crimes, including extensive drug dealings and a gun battle in a residential neighborhood. The purported objection to this testimony was made during the argument on Rodriguez's motion to strike portions of his PSI report. Counsel for Rodriguez said, "[y]our honor, just to advise [the prosecutor], we *intend* to object to having these, these witnesses who have alleged knowledge regarding prior bad acts to testify before this Court in a sentencing hearing in any event." This statement, now claimed to

---

**2.** We recognize that not all of the hearsay declarants were called to testify at the sentencing hearing. However, Rodriguez had the *opportunity* to

call each of them. His failure to do so does not render the statements inherently unreliable.

be an objection, came prior to the calling of any witnesses and did not identify which witnesses or testimony Rodriguez wished to exclude, nor the specific basis of the objection. The district court did not address this intended objection when it ruled on the motion to strike portions of the PSI.

At best, this statement can be compared to a motion in limine to exclude certain evidence.

> When the district court defers ruling on an evidentiary objection made in a motion in limine, the objection must be continued at trial.... [T]he litigant who has made a motion in limine requesting an advance ruling on the admissibility of evidence must continue to assert an objection as the evidence is offered or the objection is not preserved.

*State v. Gray*, 129 Idaho 784, 793–94, 932 P.2d 907, 916–17 (Ct.App.1997). Because counsel did not follow through with his intention to object to witnesses or testimony during the hearing, the district court did not issue a ruling which this Court can review. Therefore, the issue was not properly preserved.[3]

## IV.

## THE DISTRICT COURT DID NOT ERR WHEN IT SENTENCED RODRIGUEZ TO THIRTY YEARS, WITH TEN YEARS FIXED

### A. Standard of Review

When a sentence is challenged on appeal, we examine the record, focusing upon the nature of the offense and the character of the offender, to determine if there has been an abuse of the sentencing court's discretion. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). Where a sentence is within the statutory limits, the appellant bears the burden of demonstrating that it is a clear abuse of discretion. *State v. Hedger*, 115

Idaho 598, 604, 768 P.2d 1331, 1337 (1989). The defendant bears the burden to show that the sentence is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). An abuse of discretion will be found only if, in light of the governing criteria, the sentence is excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 500, 861 P.2d 67, 70 (1993).

### B. Analysis

Rodriguez asserts that his unified sentence of thirty years, with ten years fixed, is excessive. To support his contention he cites *State v. Carrasco*, 114 Idaho 348, 757 P.2d 211 (Ct.App.1988), *rev'd on other grounds*, 117 Idaho 295, 787 P.2d 281 (1990). In *Carrasco* the defendant pled guilty to two counts of delivery of cocaine and was sentenced to two concurrent indeterminate terms not to exceed thirty years. *Id.* at 349, 757 P.2d at 212. At the time Carrasco's sentence was imposed, a defendant was required to serve ten years of any thirty-year sentence before becoming parole-eligible. *Id.* at 355 n. 4, 757 P.2d at 218 n. 4. This Court reduced the sentences to two concurrent indeterminate terms not to exceed twenty years. In doing so, it noted that: 1) Carrasco had no previous criminal record; 2) the record did not reveal any drug transactions other than those with police officers; 3) Carrasco had presented a letter from the chief of police in his home town and signed by fifty-one other people which attested to his good character; and 4) Carrasco had acknowledged the wrongfulness of his acts and expressed contrition for them.

Rodriguez's situation is distinguishable from *Carrasco*. In the instant case,

---

**3.** Regardless, the district court did not err when it admitted the testimony. Rodriguez was being sentenced for a drug crime. The disputed testimony was limited to accounts of incidents revealing the extent of Rodriguez's involvement in the local drug trade. A sentencing judge may consider a broad range of information, including, with due caution, the existence of a defendant's

alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *State v. Wickel*, 126 Idaho 578, 581, 887 P.2d 1085, 1088 (Ct.App.1994). Furthermore, Rodriguez had the opportunity to rebut this evidence. The testimony was therefore properly admitted and considered by the district court.

there was evidence that Rodriguez was extensively involved in the local drug trade. The witnesses at his sentencing hearing testified to his involvement in a myriad of drug transactions. Furthermore, Rodriguez asserted that his criminal conduct neither caused nor threatened harm. However, he admitted that he carried weapons and was involved in a gun battle on a residential street. Unlike *Carrasco*, Rodriguez has declined to take full responsibility for his crimes and does not recognize the harm caused by his actions. Consequently, we do not find *Carrasco* persuasive in this instance.

The sentence Rodriguez received was, indeed, harsh. This was, after all, Rodriguez's first felony conviction. However, the issue is not whether the sentence is one this Court would have chosen.

> "Sentencing determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of [sentencing] criteria."

*State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). Rodriguez's prison term is well within statutory limits, and our examination of the entire record convinces us that the district court did not abuse its discretion in imposing sentence.

## V.

### CONCLUSION

Because Rodriguez had sufficient opportunity to rebut the hearsay contained in his PSI, we affirm the district court's partial denial of his motion to strike. We also hold that the district court did not abuse its discretion in sentencing Rodriguez to a unified term of thirty years, with ten years fixed.

Chief Judge LANSING and Judge PERRY, concur.