IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40583

| | | |
|---|---|---|
| **LACEY MARK SIVAK,** | ) | **2014 Unpublished Opinion No. 375** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 13, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment summarily dismissing third successive petition for post-conviction relief, <u>affirmed</u>.

Lacey Mark Sivak, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; L. LaMont Anderson, Deputy Attorney General, Chief, Capital Litigation Unit, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Lacey Mark Sivak appeals from the district court's judgment summarily dismissing his third successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 1981, Sivak was found guilty of robbery, felony murder, and possession of a firearm during the commission of a robbery for an incident resulting in the death of Dixie Wilson. The district court sentenced Sivak to death for the murder. The Idaho Supreme Court affirmed Sivak's convictions and sentence. *State v. Sivak* (*Sivak I*), 105 Idaho 900, 674 P.2d 396 (1983). Sivak filed his initial petition for post-conviction relief in September 1984, which was denied by the district court following an evidentiary hearing. On appeal, the Idaho Supreme Court addressed Sivak's double jeopardy claim, holding that Sivak's robbery conviction merged as a lesser included offense into his felony murder conviction. *Sivak v. State* (*Sivak II*), 112 Idaho

1

197, 211, 731 P.2d 192, 206 (1986). The Supreme Court also reversed Sivak's death sentence because the district court denied Sivak's motion to present additional mitigation evidence. *Id*. at 203, 731 P.2d at 198. On remand, the district court again sentenced Sivak to death. However, on appeal, the Supreme Court again reversed the sentence because the district court failed to properly weigh the aggravating factors against the mitigating factors. *State v. Sivak* (*Sivak III*), 119 Idaho 320, 321-22, 806 P.2d 413, 414-15 (1990).

Sivak was again sentenced to death on remand. He filed a successive post-conviction petition, which the district court denied. The Idaho Supreme Court affirmed the death sentence and the denial of post-conviction relief. *State v. Sivak* (*Sivak IV*), 127 Idaho 387, 901 P.2d 494 (1995). Sivak then commenced federal habeas proceedings. During the pendency of the federal proceedings, Sivak filed his second successive post-conviction petition, which the district court denied. The Supreme Court affirmed the denial. *Sivak v. State* (*Sivak V*), 134 Idaho 641, 644, 8 P.3d 636, 639 (2000).

The federal district court denied Sivak all habeas relief. The Ninth Circuit Court of Appeals affirmed the federal district court on all guilt-phase issues, but reversed the death sentence due to evidentiary errors that occurred at sentencing. *Sivak v. Hardison*, 658 F.3d 898 (9th Cir. 2011).

Once the case was remanded to the state district court, the State filed a notice of intent to seek the death penalty. Prior to his resentencing, Sivak filed a third successive petition for post-conviction relief, which is at issue in this appeal. Although difficult to decipher, the basis of the petition is apparently a contention that his double jeopardy rights were violated because he was acquitted of premeditated murder, but convicted of felony murder. The State filed a response, asserting Sivak's successive petition was premature because he had not yet been resentenced and, pursuant to Idaho Code § 19-2719(6), appeals from a death sentence and denial of post-conviction relief must be consolidated. Alternatively, the State asserted that Sivak's successive petition was untimely because it raised an issue that should have been filed within forty-two days of the entry of the judgment of conviction and was a claim that was known or reasonably could have been know when his prior post-conviction petitions were filed. The State also disputed the substantive assertion of the petition.

The district court issued a notice of intent to dismiss, advising Sivak that his successive petition would be dismissed unless he provided the court "with evidence in the form of [an]

affidavit or other admissible evidence to support his Petition." Sivak responded with a number of virtually illegible pleadings. The district court issued an order dismissing Sivak's successive petition, indicating that because resentencing was still pending, it was "untimely because a sentence of death is possible and if a death sentence is imposed, the time for filing a petition for post-conviction relief would then begin to run." Sivak now appeals the summary dismissal of his third successive post-conviction petition.

## II.

## ANALYSIS

### A.     Post-Conviction Petition

Sivak contends the district court erred by summarily dismissing his third successive petition for post-conviction relief that advanced his claim that he was unconstitutionally subjected to double jeopardy. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of

fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Hayes*, 146 Idaho at 355, 195 P.2d at 714.

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of

4

law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009).

Among other responses to Sivak's appeal, the State contends the district court was correct in determining that Sivak's petition was premature since he had not been resentenced at the time it was filed. However, we note that even assuming the petition was not premature, Sivak is still precluded from raising the double jeopardy claim because, regardless of the outcome of his resentencing, the claim was not raised within the limit limits set forth in the applicable statutes. Idaho Code § 19-2719 sets forth special appellate and post-conviction procedures applicable to capital cases. *Fields v. State*, 151 Idaho 18, 23, 253 P.3d 692, 697 (2011). The statute does not eliminate the applicability of the Uniform Post-Conviction Procedure Act to capital cases, but acts as a modifier and supersedes the Act to the extent their provisions conflict. *McKinney v. State*, 133 Idaho 695, 700, 992 P.2d 144, 149 (1999). Section 19-2719(3) requires that within forty-two days after the judgment imposing the punishment of death, "the defendant must file any legal or factual challenge to the sentence or conviction that is known or reasonably should be known." If the defendant fails to apply for relief within the applicable time limits, "he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known." I.C. § 19-2719(5). To warrant a hearing on a claim in a successive post-conviction petition, the defendant must show that he or she *did not know and reasonably could not have known* of the claim within those time limits. I.C. § 19-2719(5). Additionally, claims that were not known or that could not have been reasonably known within forty-two days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known. *McKinney*, 133 Idaho at 701, 992 P.2d at 150. If a petitioner fails to comply with the requirements of section 19-2719, the issues are deemed to have been waived and "[t]he courts of Idaho shall have no power to consider any such claims for relief as have been so waived or grant any such relief." I.C. § 19-2719(5).

It is indisputable that the basis of Sivak's double jeopardy claim--his acquittal of premeditated murder and conviction for felony murder--was known to Sivak at the time the jury returned the verdict. He has not asserted, nor could he reasonably do so, that he did not know or reasonably could not have known this information at the time he filed his initial post-conviction petition. Thus, section 19-2719 dictates that this issue is waived. This conclusion is consistent with our Supreme Court's repeated assertions that Sivak is foreclosed from further attacking his

conviction (as distinguished from his sentence). *See Sivak IV*, 127 Idaho at 390, 901 P.3d at 497 ("We note that the remand granted in *Sivak III* was for the limited purpose of resentencing and, therefore, a challenge to a jury instruction given at trial which could have been raised in the appeal of the conviction (*Sivak I* ) is no longer a viable issue."); *Sivak III*, 119 Idaho at 326, 806 P.2d at 419 ("The remand in *Sivak II* was only for the purpose of resentencing, not to allow Sivak to begin again his assault on his conviction.").

The State indicates in its brief that it is no longer seeking the death penalty at Sivak's resentencing. Nonetheless, it asserts that section 19-2719 continues to be applicable to this appeal because the State's withdrawal of its notice of intent to seek the death penalty was filed after Sivak's third successive petition for post-conviction relief was litigated before the district court. We need not decide the issue, however, because even if the statutory time limits imposed upon noncapital post-conviction cases are applicable, Sivak has still waived the double jeopardy issue asserted in his petition. Pursuant to Idaho Code § 19-4908, if an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted that for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau,* 144 Idaho at 904, 174 P.3d at 874. As we indicated above, Sivak does not identify a valid reason why this double jeopardy claim was not raised in his initial application given that the facts underlying the claim were clearly known upon the jury's issuance of its verdict. Accordingly, the district court did not err in summarily dismissing Sivak's third successive petition for post-conviction relief.

**B.      Costs and Attorney Fees**

The State requests an award of costs and attorney fees incurred in connection with this appeal. The request for attorney fees is based upon Idaho Code § 12-121 and Idaho Appellate Rule 41. Reasonable attorney fees will only be awarded to the prevailing party under section 12-121 when the court is left with the abiding belief the appeal was brought, pursued or defended frivolously, unreasonably and without foundation. *Rhoades*, 148 Idaho at 253, 220 P.3d at 1072.

As we indicated above, Sivak has been given numerous indications from our Supreme Court that he is procedurally foreclosed from further appealing any issues related to his underlying conviction. Despite these explanations, he filed yet another post-conviction petition

and asserted a claim clearly foreclosed by applicable law. *Cf. Rhoades*, 148 Idaho at 254, 220 P.3d at 1073 (declining to award attorney fees because although the petitioner's claims were unsuccessful they were "not so wholly without merit as to warrant an award of fees" since the standard governing the substantive issue had never been clearly spelled out and its application to many of the issues raised by the petitioner was a matter of first impression). As the State points out, Sivak is "not a novice to the judicial system," but has been, and continues to be, a prolific litigator in both the state and federal courts. For these reasons, we are convinced this appeal was pursued frivolously, unreasonably, or without foundation and award attorney fees to the State.

Idaho Appellate Rule 40 provides that "[c]osts shall be allowed as a matter of course to the prevailing party unless otherwise provided by law or order of the Court." As a petition for post-conviction relief is a civil matter and because the State is the prevailing party on appeal, we award costs to the State. *See Rhoades*, 148 Idaho at 254, 220 P.3d at 1073.

## III.

## CONCLUSION

Because Sivak has not shown he did not know, or reasonably could not have known, about the facts underlying his claim of double jeopardy when he filed his initial post-conviction petition, he is not entitled to file a successive petition raising the issue for the first time. Given that Sivak has repeatedly been instructed that he is foreclosed from further appealing issues related to his underlying conviction, and this present appeal presents no viable issue, we grant the State's request for attorney fees and costs on appeal. The district court's judgment summarily dismissing Sivak's third successive petition for post-conviction relief is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**