912 P.2d 94

STATE of Idaho, Plaintiff–Respondent,

v.

James Kevin PRATT, Defendant–Appellant.

No. 21578.

Supreme Court of Idaho,
North Idaho, October 1995 Term.

Jan. 31, 1996.

Rehearing Denied March 25, 1996.

Joan M. Fisher, Genesee, for appellant.

Alan G. Lance, Attorney General; Lynn E. Thomas, Deputy Attorney General, Boise, for respondent. Lynn E. Thomas argued.

1. The court ordered that the sentences imposed for burglary, robbery, and kidnapping be merged

TROUT, Justice.

James Pratt (Pratt) was tried and convicted of first-degree murder, attempted felony murder, burglary, robbery, and kidnapping and was sentenced to death. This Court affirmed the judgment of conviction for all crimes except attempted felony murder, vacated the death sentence, and remanded the case to the district court for resentencing. Pratt was sentenced, on remand, to a fixed term of twenty-five years in prison with a maximum indeterminate period of life in prison.

Pratt appeals the judgment of conviction for first-degree murder and the new sentence.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

Pratt along with his brother, Joseph Pratt (Joseph), forcibly entered the home of Louise Turner in Bonner County on the night of January 11, 1989, for the purpose of stealing money. There they held several individuals hostage and, when the police arrived at the home, the Pratts abducted an individual and broke through a line of police that had surrounded the house.

An extended police pursuit followed. On the following day Pratt shot and killed Brent Jacobson, a U.S. Forest Service Officer assisting the Bonner County Sheriff's Office in the search. A Bonner County Sheriff's officer accompanying Officer Jacobson, Steven Barbieri, retreated at that point and the Pratts later surrendered to the police.

Pratt was tried by a jury and convicted of first-degree murder, attempted felony murder, burglary, robbery, and kidnapping on June 9, 1989. On November 30, 1989, after issuance of its I.C. § 19–2515 findings, the trial court issued its judgment and sentence of death by lethal injection. Pratt filed an I.C.R. 35 motion for reduction of sentence on March 20, 1990, which was partially granted by the district court,[1] and an order amending sentence was filed on December 26, 1991.

into the sentence for first-degree murder.

Pratt then filed a petition for post-conviction relief raising a variety of issues which included:

(a) the trial judge's failure to reveal what he knew about Pratt's connection with Christopher Boyce, a convicted spy;

(b) use of immunized testimony (Pratt was granted immunity to testify against Boyce in federal court); and

(c) *ex parte* communication between the judge and prosecutor.

The court denied Pratt's petition on November 22, 1991.

Pratt appealed his judgment of conviction, partial denial of his I.C.R. 35 motion, and denial of his petition for post-conviction relief. *State v. Pratt,* 125 Idaho 546, 873 P.2d 800 (1993). Among the issues Pratt raised on appeal were:

. . . .

II. Did the district court violate Pratt's rights to a fair and impartial jury and due process by denying his motion to strike that portion of the information regarding the deceased victim's status as a peace officer?

. . . .

IV. Was Pratt erroneously convicted of *attempted* felony murder?

. . . .

VII. Did the district court err in using Pratt's prior immunized testimony from the federal trial against Christopher Boyce during sentencing proceedings? .

. . . .

XIII. Did the district court err in denying Pratt's motion to disqualify the trial judge from presiding at the post-conviction proceedings?

. . . .

XVI. Automatic review pursuant to I.C. § 19–2827.

*Pratt,* 125 Idaho at 554–55, 873 P.2d at 808–09 (emphasis in original). This Court affirmed the district court's judgment of conviction for all crimes except attempted felony murder and concluded that the death sentence was disproportionate. The case was remanded to the district court for resentencing.

Prior to resentencing Pratt filed a motion to disqualify Judge Watt Prather, the district court judge who had presided over the trial, based upon the judge's *ex parte* communications with the State, his prior fact-finding, and the allegation that he no longer acted under a valid Supreme Court order of assignment. The motion was denied and Pratt was sentenced to a term of twenty-five years to life imprisonment.

## II.

### DISQUALIFICATION OF JUDGE

■ Pratt initially contends that the district court erred in denying without a hearing Pratt's motion to disqualify the judge on the basis that the judge is "biased or prejudiced ... against [the defendant]" under I.C.R. 25(b) and I.R.C.P. 40(d)(2). Pratt alleges that Judge Prather is biased for the state and prejudiced against Pratt as a result of the judge's *ex parte* communications with the state, his extra-judicial knowledge of Pratt's immunized activities, and his prior finding that Brent Jacobson was a peace officer at the time of his murder.

In his previous appeal to this Court, Pratt argued that the district court erred in denying his motion to disqualify the judge for cause from the post-conviction relief proceedings based upon the judge's *ex parte* communications between the judge and prosecutor and on the judge's extra-judicial knowledge of Pratt's immunized activities in connection with Christopher Boyce. *Pratt,* 125 Idaho at 566–67, 873 P.2d at 820–21. We ruled that the district court properly denied the motion to disqualify based upon Pratt's failure to offer any specific proof of prejudice. *Id.*

"In order to constitute legal bias or prejudice, allegations of prejudice in post conviction and sentence reduction proceedings must state facts that do more than 'simply explain the course of events involved in a criminal trial.'"

*Id.* at 566, 873 P.2d at 820 (quoting *State v. Beam,* 115 Idaho 208, 215, 766 P.2d 678, 685 (1988), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989)). Pratt has again failed to point to any specific proof of

prejudice on the part of the trial judge in this appeal. Pratt maintains, however, that denial of his motion to disqualify the judge on resentencing vis-a-vis post-conviction or sentence reduction proceedings bears significantly different due process and burden of proof considerations.

A fundamental requirement in the proper exercise of sentencing discretion is reasonableness, and an appellate court must determine whether the trial court abused its discretion. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993) (citations omitted). The discretion vested in the trial court will be respected and, to establish that an imposed sentence was improper, the defendant must show that the sentence is excessive. *Id.* Thus the burden of showing prejudice on resentencing rests with the defendant just as it does in a defendant's petition for post-conviction relief or an I.C.R. 35 proceeding for reduction of sentence. *See State v. Sivak,* 127 Idaho 387, 389, 901 P.2d 494, 496 (1995) (the Court's analysis of prejudicial impact identical on defendant's motions to disqualify judge on resentencing and on the hearing for post-conviction relief (citing *Beam,* 115 Idaho at 215, 766 P.2d at 685)).

Pratt attempts to further distinguish his current claim of prejudice from that addressed in his prior appeal by pointing to more recent statements made by the trial judge that are inconsistent with those made previously. Contrary to Pratt's assertion that these inconsistencies should raise an inference of prejudice, the statements made fail to indicate even a marginal predilection for the State on the part of the trial judge or to demonstrate any prejudice against Pratt or his case. Pratt's allegations of more recent *ex parte* communications between the trial judge and prosecution pending Pratt's resentencing similarly fail to indicate prejudice. Administrative communications made in an attempt to expedite a matter are not the kind of *ex parte* communications that raise an inference of prejudice. In particular, the petition to appoint a special prosecutor in this case, made on the request of the duly-elected prosecutor, a copy of which was forwarded to defense counsel, was a purely administrative matter and properly acted upon.

In *State v. Lankford,* 127 Idaho 608, 903 P.2d 1305 (1995), this Court did order disqualification of a judge on resentencing where the state had breached a sentencing agreement it had made with the defendant and submitted aggravating evidence and arguments to the court prior to resentencing. Notably, however, the Court there explicitly stated that it did not base disqualification on *ex parte* communications that occurred between the judge and a prosecution witness. *Id.* at 618–19, 903 P.2d at 1315–16 (citing *Pratt,* 125 Idaho 546, 873 P.2d 800 (1993)). As in this case, there was "no evidence in the record indicating that the sentencing judge received the type of information" that would serve to bias the judge. *Id.* at 619, 903 P.2d at 1316. Pratt's claim of bias, like Lankford's, thus "lacks support in fact and runs contrary to common experience." *Id.*

Pratt also contends that the trial judge should have disqualified himself from the resentencing as a result of his prior fact-finding. Specifically, Pratt maintains that the trial judge's finding that Brent Jacobson was a peace officer, upon which Pratt's conviction of first-degree murder was partially based and a finding not supported by this Court in *State v. [Joseph] Pratt,* 125 Idaho 594, 873 P.2d 848 (1994), somehow served to poison the trial judge's ability to fairly and impartially consider issues raised at resentencing. A judge must recognize, "when addressing a motion to disqualify brought under Criminal Rule 25 ... that lasting opinions have been formed, and that the judge must determine if the proper legal analysis which the law requires can be performed." *Sivak,* 127 Idaho at 389, 901 P.2d at 496 (citing *Beam,* 115 Idaho at 215, 766 P.2d at 685). In this case, the trial judge denied Pratt's motion to disqualify him specifically stating that the status of Brent Jacobson as a peace officer was "immaterial" to him and that he did not have "any such strong feelings about this case" that he could not accept a change in that finding. It does not appear from the record that the trial judge abused his discretion in determining at resentencing "that he could sit

fairly and impartially and perform the proper legal analysis which the law requires to be performed." *Id.*

Nonetheless, Pratt maintains that the trial judge erred by denying his motion to disqualify without first conducting an evidentiary hearing. As we have said, when a court is faced with a motion to disqualify for bias or prejudice under I.C.R. 25 or I.R.C.P. 40(d)(2), "the trial judge need only conclude that he can properly perform the legal analysis which the law requires of him." *Beam,* 115 Idaho at 215, 766 P.2d at 685. This decision is committed to the trial court's discretion and there exists no requirement that the court's determination must be preceded by an evidentiary hearing. When faced with an appeal from a discretionary determination, the appellate court must decide: (1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the boundaries of its discretion and consistent with the applicable legal standards; and (3) whether the trial court reached its determination through an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (quoting *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App.1987)). Clearly the trial court here correctly perceived the issue as discretionary and it certainly acted within the boundaries of its discretion by denying the motion. The only real issue for us to decide then, is whether the trial court exercised reason in its determination. This Court has already held that Judge Prather's previous denial of Pratt's motion to disqualify at his post-conviction relief proceedings based upon any *ex parte* communications and extra-judicial knowledge was a sound exercise of discretion. It likewise appears that the Judge's determination that his previous finding regarding Brent Jacobson should not preclude him from presiding over Pratt's resentencing is equally reasonable and was certainly not an abuse of the district court's discretion such as to compel reversal.[2]

Finally, Pratt maintains that Judge Prather, as a retired district judge, lacked the authority to preside over the resentencing. Pratt argues that the order of the chief justice of the Idaho Supreme Court originally giving Judge Prather authority to preside over the trial of Pratt expired upon the district court's pronouncement of the judgment and sentence. A retired district judge may hold a district court position upon the request and order of the chief justice. Idaho Const. art. V, § 12. *See also* I.C. § 1–2005. In this case Judge Prather was appointed to hold court in *State v. Pratt* "for the purpose of disposing of all ... matters and proceedings ... and final disposition" of the cause. A district court's jurisdiction is completed upon the "entry of the judgment and sentence or its affirmance on appeal." *State v. Johnson,* 75 Idaho 157, 161, 269 P.2d 769, 771 (1954). The district court's judgment of conviction and sentencing of Pratt was appealed to this Court and the case remanded for the resentencing upon which Pratt filed his current appeal. A final disposition of this action has thus not been rendered; therefore, Judge Prather's jurisdiction in this matter similarly has not ended and will not, as the terms of his appointment clearly set forth, until its "final disposition."

### III.

### EVIDENCE OF PRIOR IMMUNIZED CRIMINAL ACTIVITY

Pratt also maintains that the district court erred in its reliance at resentencing on evidence of Pratt's prior criminal activity which was immunized pursuant to a court order. On his prior appeal, we noted that the trial court record revealed its consideration of Pratt's immunized testimony during

---

**2.** Although Pratt's claims that the district court judge should have been disqualified as the result of his *ex parte* communications, previous fact-finding, and extra-judicial awareness of Pratt's immunized activities have been individually disposed of, we also note that these various bases for disqualification are each grounded upon the court's knowledge of information that could prejudice Pratt on resentencing. It should be remembered "[t]hat judges are capable of disregarding that which should be disregarded is a well accepted precept in our judicial system." *Sivak v. State,* 112 Idaho 197, 205, 731 P.2d 192, 200 (1986) (quoting *Ford v. Strickland,* 696 F.2d 804, 811 (11th Cir.1983)).

his original sentencing. *Pratt*, 125 Idaho at 560, 873 P.2d at 814. We found, however, that "the contents of the immunized testimony were independently available from sources other than the immunized testimony" and allowed its use. *Id.* at 562, 873 P.2d at 816.

Pratt again contends in this appeal that there is no showing in the record that the information the court considered at his resentencing was not gained from his immunized testimony. In the earlier appeal, the state argued successfully that use of the evidence of Pratt's prior criminal activity was permissible since it was obtained independently of his immunized testimony. Pratt argues, however, that the government should bear the burden to show that the information was not derivatively gained from immunized testimony. As a similar argument was made and rejected in his earlier appeal, we see no need to deviate from our previous holding for the purpose of Pratt's resentencing.

## IV.

### CONVICTION UNDER § 18–4003(b)

■ In our previous decision in *State v. Pratt*, the Court held that "Officer Brent Jacobson was clearly acting in the lawful discharge of his official duty, was known to be doing so by Pratt, and, therefore, his death was that of a law enforcement officer under I.C. § 18–4003(b)." *Id.* at 557, 873 P.2d at 811. We later held in *State v. [Joseph] Pratt*, however, that "Jacobson was not acting as a peace officer in the lawful discharge of his official duty at the time he was shot, and the shooting cannot qualify as first degree murder under I.C. § 18–4003(b)." *[Joseph] Pratt*, 125 Idaho at 598, 873 P.2d at 852. As a result of our more recent holding in his brother Joseph's case, Pratt argues that his conviction and sentence for first-degree murder under I.C. § 18–4003(b) should be vacated and a new trial on the murder charge granted.

First-degree murder under I.C. § 18–4003(b) is defined as:

Any murder of any peace officer, executive officer, officer of the court, fireman, judicial officer or prosecuting attorney who was acting in the lawful discharge of an official duty, and was known or should have been known by the perpetrator of the murder to be an officer so acting, shall be murder of the first degree.

This Court originally held in both *Pratt* and *[Joseph] Pratt* that Brent Jacobson fell within the category of officer defined in I.C. § 18–4003(b) such that his killing constituted first-degree murder. Joseph subsequently filed a petition for rehearing in which he contended that Jacobson should not be construed as an officer under I.C. § 18–4003(b). Joseph argued that the agreement upon which Jacobson's law enforcement authority was based specifically provided that forest service personnel would only be acting as peace officers when providing support on forest service land and Jacobson had been indisputably murdered on private land. We then issued a substitute opinion in *[Joseph] Pratt* in which we held, accordingly, that Joseph Pratt did not commit first-degree murder under I.C. § 18–4003(b). Joseph's conviction of first-degree murder was affirmed, however, as a murder committed during the course of a felony under I.C. § 18–4003(d). A petition for rehearing was not filed in *Pratt*, presumably because we had vacated Pratt's death sentence and remanded for resentencing; thus we had no occasion to revisit that issue in Pratt's case.

As a practical matter, however, our determination that Jacobson was not a peace officer makes no difference in our disposition of this appeal. Like Joseph, Pratt's conviction of first-degree murder "does not rest solely upon I.C. § 18–4003(b), but also is grounded in I.C. § 18–4003(d), as a murder committed in the perpetration of, or attempt to perpetrate robbery, burglary or kidnapping, or felony murder." *[Joseph] Pratt*, 125 Idaho at 598, 873 P.2d at 852. Vacating Pratt's conviction under I.C. § 18–4003(b) has absolutely no effect on the jury's independent finding that Pratt was guilty of first-degree murder under I.C. § 18–4003(d) and a new trial will not be granted on that basis. We can affirm Pratt's conviction of first-degree murder, as we did in *[Joseph] Pratt*, based solely on I.C. § 18–4003(d). We also emphasize that the district court, at Pratt's resen-

tencing, specifically disregarded his conviction under I.C. § 18–4003(b) in imposition of sentence precisely because of the inconsistency in our holdings. It therefore cannot be argued that Pratt's sentence is due in any way to his conviction under that subsection and, therefore, does not serve as a basis upon which to challenge his resentencing.

## V.

### RECONSIDERATION OF ISSUES

Pratt argues that his conviction for first-degree murder under I.C. § 18–4003(d) should be reconsidered in light of the finding that his conviction under I.C. § 18–4003(b) was in error. Pratt also requests this Court to reconsider all other issues previously raised on his earlier appeal.

 This Court has previously affirmed Pratt's conviction for first-degree murder under I.C. § 18–4003(d) finding that Brent Jacobson's murder was part of the stream of events which began with the burglary of Louise Turner's residence. *Pratt*, 125 Idaho at 558, 873 P.2d at 812. Reconsideration of this issue or any other issue previously raised and rejected in Pratt's earlier appeal will not be granted. Remand of this case to the district court was for the purpose of resentencing and not to allow Pratt "to begin again his assault on his conviction." *State v. Sivak*, 119 Idaho 320, 326, 806 P.2d 413, 419 (1990).

## VI.

### CONCLUSION

Pratt's conviction of first-degree murder and the sentence imposed on him by the district court of twenty-five years to life imprisonment is hereby affirmed.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.