152 P.3d 634

Joel Shay LAMM, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 32365.

Court of Appeals of Idaho.

Oct. 25, 2006.

Review Denied Feb. 20, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Courtney E. Beebe, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Joel Shay Lamm appeals the denial of his motion to disqualify for cause the district judge presiding over his post-conviction case. He contends that the court erred by acting on the motion without first conducting a hearing. We affirm.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

Lamm was charged with and ultimately pleaded guilty to three counts of having sex with an inmate, Idaho Code § 18–6110, while employed as a deputy for Gooding County. Lamm privately retained attorney Calvin Campbell to represent him in that criminal proceeding. At the time of Lamm's guilty plea, Campbell was under contract to serve as the public defender for Jerome County, was also the appointed prosecuting attorney for Camas County, and was running for election to the position of Gooding County Prosecutor.[1] Campbell and the State disclosed these conflicts to the presiding district judge, Judge Barry Wood. Lamm waived any potential conflicts relating to Campbell's various roles and affirmed his desire to continue to be represented by Campbell. Lamm was sentenced to three concurrent terms of ten years, with five years determinate. We affirmed these sentences on appeal. *State v. Lamm*, Docket No. 30917 (Ct.App. Feb. 23, 2005) (unpublished).

Lamm thereafter filed a petition for post-conviction relief, asserting that he was coerced into waiving his attorney's conflict of interest; that Campbell illegally held two public offices while representing him; and that Campbell, the prosecutor, and Judge Wood had conspired to deny him his rights.

---

1. By the time of Lamm's post-conviction case, Campbell had been elected the prosecuting attorney for Gooding County, and a special prosecutor was appointed to represent the State during the post-conviction proceedings.

An attorney was appointed to represent Lamm in the post-conviction action. Through counsel, Lamm filed a motion to disqualify Judge Wood from presiding in the post-conviction case. Counsel's affidavit filed in support of the motion asserted that the petition for post-conviction relief turned on decisions that Judge Wood had made, that the judge might be called as a witness in the post-conviction case, and that the judge therefore was "interested" in the action. The motion did not request a hearing, and counsel apparently did not attempt to schedule a hearing with the district court. The motion did state that "petitioner requests the right to present evidence in support of this motion." No evidence other than counsel's affidavit accompanied the motion, however, and the motion contains no indication of when or by what manner Lamm desired to present evidence. Six days after the motion for disqualification was filed, it was denied without a hearing. The State then filed a motion for summary dismissal of Lamm's petition. Judge Wood granted the motion, concluding that the transcript of Lamm's plea hearing established that he had knowingly and voluntarily waived his attorney's conflict of interest.

On appeal, Lamm does not directly challenge the merits of the district court's decision to dismiss the petition nor the merits of the order denying recusal of the judge. Instead, he argues that the district court erred in not holding a hearing before acting on the motion to disqualify. Lamm contends that because the district court did not properly address the motion for disqualification, it had no authority to dismiss the post-conviction petition. Therefore, he contends, the orders denying disqualification and dismissing the petition should be vacated and the case remanded for further proceedings. We find no error and therefore affirm.

## II.

## ANALYSIS

■ An action for post-conviction relief is civil in nature and is generally governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State,* 127 Idaho 469, 470, 903 P.2d 58, 59

(1995); *Mata v. State,* 124 Idaho 588, 591, 861 P.2d 1253, 1256 (Ct.App.1993). Unlike parties in most civil proceedings, however, a post-conviction petitioner is not entitled to disqualify a judge without cause where the judge assigned to the case also entered the judgment of conviction that is being challenged. I.R.C.P. 40(d)(1)(I)(ii); *Smith v. State,* 126 Idaho 106, 108–09, 878 P.2d 805, 807–08 (Ct.App.1994). A petitioner in a post-conviction proceeding may move to disqualify a judge for cause under Idaho Rule of Civil Procedure 40(d)(2). Lamm's motion invoked Rule 40(d)(2)(A)(1), which provides that "[a]ny party to an action may disqualify a judge or magistrate for cause from presiding in any action [if] ... the judge or magistrate is a party, or is interested, in the action or proceeding." A denial of a disqualification motion is reviewed for an abuse of discretion. *State v. Sivak,* 127 Idaho 387, 389, 901 P.2d 494, 496 (1995).

To support his contention on appeal that the district court erred in denying the disqualification motion without first conducting a hearing, Lamm points to the provision in I.R.C.P. 40(d)(2)(B) stating that if a motion for disqualification for cause is made, the presiding judge "shall grant or deny the motion for disqualification upon notice and hearing in the manner prescribed by these rules for motions." Lamm also relies on this Court's opinion in *Desfosses v. Desfosses,* 120 Idaho 27, 29, 813 P.2d 366, 368 (Ct.App.1991), where we, in an aside, noted the foregoing language of Rule 40(d)(2)(B) which refers to hearings on motions to disqualify. Subsequently, however, in *State v. Pratt,* 128 Idaho 207, 912 P.2d 94 (1996), the Supreme Court rejected an argument that the trial court had erred by denying a motion to disqualify without first conducting a hearing. The Court held that "when a court is faced with a motion to disqualify for bias or prejudice under ... I.R.C.P. 40(d)(2) ... [the] decision is committed to the trial court's discretion and there exists *no requirement that the court's determination must be preceded by an evidentiary hearing." Id.* at 211, 912 P.2d at 98 (emphasis added).

■ Lamm contends that notwithstanding the *Pratt* court's determination that an *evi-*

*dentiary* hearing is not required, the district court here erred in not allowing a hearing for presentation of oral argument on his motion. We disagree. Rule 40(d)(2)(B) specifies that the presiding judge must grant or deny the motion "upon notice and hearing *in the manner prescribed by these rules for motions*" (emphasis added). The italicized language refers to the notice and hearing requirements for motions that are established in I.R.C.P. 7(b)(3)(D). The latter rule prescribes the general procedures for filing and serving motions, affidavits, and briefs. Regarding oral argument on motions, it states:

> If the moving party does not request oral argument upon the motion, and does not file a brief within fourteen (14) days, the court may deny such motion without notice if the court deems the motion has no merit. If argument has been requested on any motion, the court may, in its discretion, deny oral argument by counsel by written or oral notice to all counsel before the day of the hearing, and the court may limit oral argument at any time.

This rule does not support Lamm's contention that a hearing is mandatory on a motion to disqualify. Rather than requiring oral argument, it clearly provides that the court may limit or deny arguments.[2]

Lamm further argues that the district court's failure to conduct a hearing was erroneous because the court did not deny oral argument in a "written or oral notice to all counsel before the day of the hearing pursuant to I.R.C.P. 7(b)(3)(D)." This notice requirement, which references "the day of the hearing," can be applicable only if the trial court previously scheduled oral argument on the motion, and later determined that a hearing was unnecessary. In such a case, notice is required to inform the parties that they need not prepare or appear for the scheduled hearing. Here, there was no previously scheduled hearing, so no notice "before the day of the hearing" was required. In addition, the notice requirement applies only where "argument has been requested," and there was no such request here. This rule

commits the decision whether to hold an oral argument on a motion to the trial court's discretion, and in the circumstances of this case the court did not violate any pertinent notice requirements.

█ Lastly, Lamm argues there was a violation of the first sentence of Rule 7(b)(3)(D), which suggests that if a moving party does not request oral argument, the district court should wait fourteen days for the movant to submit a brief before acting on the motion. Lamm contends the district court here violated that rule because it denied the disqualification motion only six days after it was filed. We reject this argument for two reasons. First, the contention that the trial court erred in the *timing* of its order denying the motion, as distinguished from the denial itself, was not asserted in Lamm's appellant's brief, which did not even mention I.R.C.P. 7. Issues raised for the first time in a reply brief will ordinarily not be addressed by an appellate court. *See Myers v. Workmen's Auto Ins. Co.,* 140 Idaho 495, 508, 95 P.3d 977, 990 (2004); *State v. Killinger,* 126 Idaho 737, 740, 890 P.2d 323, 326 (1995).

█ More importantly, Lamm has not identified the slightest prejudice arising from this alleged error. Lamm does not assert that he ever intended to file a brief in support of the motion, and he has pointed to no way in which the timing of the district court's order denying the disqualification motion could have had any conceivable affect on the outcome of the motion. Appellate review is not provided in order to nitpick minor procedural flaws that had no effect on the parties' rights nor on the trial court's decision that is under challenge. This is made clear by I.R.C.P. 61, which states in part:

> [N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for ... vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court

---

2. Of course, parties who believe they were prejudiced by the lack of a hearing on a motion may move for reconsideration under I.R.C.P. 11(a)(2)(B) and inform the trial court why they

deem a hearing to be essential. Lamm has not identified any evidence or other information relevant to the disqualification motion that he could have presented if a hearing had been allowed.

inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Consistent with this rule, we have held that slight procedural imperfections regarding the timing of hearings and the like create no basis for reversal of an order on appeal unless the procedural defect prejudiced the appellant. *See In re Estate of Keeven,* 126 Idaho 290, 296, 882 P.2d 457, 463 (Ct.App. 1994) (appellant not prejudiced by untimely notice of motion to consolidate); *Ponderosa Paint Mfg., Inc. v. Yack,* 125 Idaho 310, 316–17, 870 P.2d 663, 669–70 (Ct.App.1994) (no prejudice shown from untimely service of motion for summary judgment and supporting affidavit). Here, if it was error for the trial court to act on the disqualification motion sooner than fourteen days after filing where there was no request for a hearing and no indication that the movant sought to file a brief, the record indicates no prejudice from the timing error.

The district court's denial of the motion to disqualify the judge is affirmed.

Chief Judge PERRY and Judge GUTIER-REZ Concur.

