193 P.3d 457

STATE of Idaho, Plaintiff–Respondent,

v.

Michael R. JONES, Defendant–Appellant.

No. 34090.

Court of Appeals of Idaho.

July 15, 2008.

Robin Jeffrey Stoker, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Chief Judge.

Michael R. Jones appeals from the district court's appellate order vacating the judgment of conviction entered after a bench trial and remanding the case to the magistrate to reconsider the evidence in accordance with the correct burdens of proof. We affirm.

## I.

### FACTS AND PROCEDURE

Jones was charged with misdemeanor domestic battery, I.C. § 18–918(3)(B). After he

waived his right to a jury trial, the case was tried before a magistrate. While Jones claimed that he had acted in self-defense, the magistrate found him guilty.

Jones appealed, and the district court ruled that the magistrate had applied an incorrect standard to Jones's self-defense claim. The magistrate had incorrectly required that Jones prove self-defense beyond a reasonable doubt.[1] The district court ordered the case remanded to the magistrate, with instructions to reconsider the testimony applying the correct burdens of proof. Specifically, the district court noted that "[s]ince the case was tried before the magistrate without a jury a new trial is not necessary." Jones now appeals.

## II.

## ANALYSIS

Jones argues the district court erred in remanding his case to the magistrate to reconsider the evidence as opposed to remanding for a new trial. He contends that "when a defendant stands trial and the trial judge errs in his approach to the evidence . . . the only fair and legitimate remedy is to remand the matter for a new trial." Jones expresses concern that "when you have a trial judge who has erred it is difficult to accept that the same judge can be fair and impartial when he is given the opportunity to rectify or change the very error that has resulted in a vacating of his decision." He continues, arguing that for a defendant to be ensured a fair trial in situations such as this, the case should be heard by a new judge or jury.

The district court's determination of the appropriate remedy on appeal will not be overturned absent an abuse of discretion. *State v. Elisondo*, 103 Idaho 69, 73, 644 P.2d 992, 996 (1982). A lower court's discretionary decision is reviewed on appeal, by conducting a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the

specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Code Section 1–2213(2) describes the choices of the district court acting in its appellate capacity:

> Unless otherwise provided by law or rule, a district court judge shall review the case on the record on appeal and affirm, reverse, remand, or modify the judgment; provided, that the district judge *in his discretion*, may remand the case for a new trial with such instructions as he may deem necessary or he may direct that the case be tried de novo before him.

(Emphasis added).

First, we note that the district court recognized its discretion to choose the remedy imposed, specifically referring in its memorandum decision and order to at least two of the options available under I.C. § 1–2213(2). Next, we examine whether the lower court acted within the boundaries of its discretion and consistently with any applicable legal standards. While Jones argues on appeal that "when a defendant stands trial and the trial judge errs in his approach to the evidence . . . the only fair and legitimate remedy is to remand the matter for a new trial," he does not provide us with any authority for the prospect. He bases his argument solely on "fairness" grounds which includes his contention that acting as the district court did in this case precludes the defendant from having the opportunity to automatically disqualify the magistrate, an option to which he would be entitled had a new trial been ordered. *See* Idaho Criminal Rule 25(a).

In *State v. Beam*, 115 Idaho 208, 766 P.2d 678 (1988), our Supreme Court addressed, albeit in a different context,[2] the crux of Jones's argument that the procedure which occurred here was unfair because the magistrate would be unable to be impartial. In that case, Beam argued that the trial judge should have disqualified himself from presiding over the post-conviction proceeding and the Idaho Criminal Rule 35 motion hearing for reduction of sentence. Beam asserted

---

1. *See* Idaho Criminal Jury Instruction 1500, cmt. Burden of Proof on Defenses.

2. Beam and his co-defendant, Scroggins, were both convicted of first degree murder of a thirteen year old girl. In addition, Beam was con-

that the judge was known to be biased or prejudiced against him because the Supreme Court had vacated the death sentence of his co-defendant, Scroggins, and the trial judge had disqualified himself from resentencing the co-defendant. In the order of disqualification, the judge made several statements indicating that he disagreed with the Supreme Court's reduction of Scroggins's sentence and believed that both Beam and Scroggins should have received the death penalty for the "heinous" murder they had committed. The Supreme Court disagreed that the trial judge would, by virtue of having overseen previous proceedings in the case, be inevitably biased or prejudiced in subsequent proceedings. It stated:

> Every trial judge who rules upon a post conviction review proceeding or an I.C.R. 35 motion to reduce sentence will previously have pre-judged the matter, often forming extremely strong opinions as to the sentence which should be imposed, and will no doubt be convinced that the procedure followed and the sentence imposed was correct.... It would be an unusual case in which a trial judge, when called upon to rule on an I.C.R. 35 motion to reduce sentence, would not approach the case on the basis that the sentence imposed was correct, and require the defendant to shoulder "the burden of showing that the original sentence was unduly severe."... Coming to the case with that frame of mind does not constitute bias or prejudice within the meaning of I.C.R. 25(b)(4) and does not require disqualification of the trial judge.... [W]hen a trial judge is called upon to rule upon a petition for post conviction relief, or a motion for reduction of sentence under I.C.R. 35, particularly in a case where the death penalty has been imposed, he comes to the case after having already formed strong opinions and beliefs regarding the atrocious nature of the crime, the unredeemable character of the defendant, and the need of society to impose this most serious of criminal penalties. A trial judge is not required to erase

from his mind all that has gone before, and indeed, it is doubtful that any human being could. Rather, when faced with an I.C.R. 25(b)(4) motion to disqualify for bias and prejudice in a post conviction or I.C.R. 35 proceeding, *the trial judge need only conclude that he can properly perform the legal analysis which the law requires of him,* recognizing that he has already pre-judged the case and has formed strong and lasting opinions regarding the worth of the defendant and the sentence that ought to be imposed to punish the defendant and protect society.

*Beam* at 215, 766 P.2d at 685 (emphasis added).

Thus, even in the highly charged atmosphere surrounding the imposition of the death penalty, our Supreme Court recognized that lower court judges could, after assessing their ability to "properly perform the legal analysis which the law requires of him," continue to preside over cases where they had already formed strong opinions and imposed sentence. *See also State v. Fetterly,* 115 Idaho 231, 235, 766 P.2d 701, 705 (1988) (applying the principles articulated in *Beam*); *State v. Browning,* 121 Idaho 239, 244, 824 P.2d 170, 175 (Ct.App.1992) (same).

Relatedly, in *State v. Pratt,* 128 Idaho 207, 210, 912 P.2d 94, 97 (1996), the Supreme Court addressed a defendant's argument that a trial judge could not be impartial in resentencing on remand. Specifically, Pratt had been convicted of first degree murder and sentenced to death. However, the Supreme Court determined the death penalty was disproportionate and vacated the sentence on direct appeal. *See State v. Pratt,* 125 Idaho 546, 570–71, 873 P.2d 800, 824–25 (1993). In the second appeal, the Court upheld the trial judge's refusal to disqualify himself. The Court noted that a judge must recognize "when addressing a motion to disqualify ... that lasting opinions have been formed, and that the judge must determine if the proper legal analysis which the law requires can be performed...." The Court considered that

victed of raping her and Scroggins of attempting to rape her. Both men were sentenced to death. Beam's conviction and sentence were affirmed by the Idaho Supreme Court, but Scroggins's death sentence was vacated on appeal because the court found it was disproportionate. There-

after, Beam filed a petition for post conviction relief and a Rule 35 motion for reduction of sentence and requested that the trial judge be disqualified from both. The district court repeatedly denied his requests for disqualification.

the trial judge in *Pratt*, stated that he did not have any strong feelings about the case and concluded that he could sit fairly and impartially and perform the proper legal analysis which the law required to be performed. *Pratt*, 128 Idaho at 210–11, 912 P.2d at 97–98. So, despite the judge's prior exposure to the case—including having been found to have erred in applying the death penalty—the Supreme Court determined that disqualification of the judge was not necessary. *Id.* at 211, 912 P.2d at 98.

In light of the tenor of these cases, we find Jones's argument that we adopt a blanket ban on lower courts reconsidering a case where it had erred during a bench trial to be unnecessary. Drawing on the principles expounded in these cases, we conclude that it is unnecessary to require that a case be remanded for a new trial in every instance where the lower court, while conducting a bench trial, erred in regard to a trial or sentencing issue; that a court has previously dealt with the case does not automatically establish bias or prejudice. Rather, as mandated by I.C. § 1–2213(2), the decision remains within the discretion of the appellate court as to what remedial procedure is appropriate upon remand.

This does not mean, however, that a defendant is without remedy if his case is remanded to a judge who is actually biased and/or prejudiced due to his previous involvement in the case. A defendant retains the right under I.C.R. 25(b)(4) to move for disqualification for cause if the "judge or magistrate is biased or prejudiced for or against any party or that party's case in the action." Thus, while a defendant is not afforded an automatic disqualification upon remand in a case like the one at issue, access to the disqualification procedure outlined in I.C.R. 25 adequately addresses Jones's concerns about a magistrate who is unable to be fair given the circumstances of the remand.

We conclude the district court acted within applicable legal standards by remanding without ordering a new trial. We also conclude the court arrived at its decision to remand for reconsideration through an exercise of reason. The court specifically noted that because Jones had not originally been tried by a jury, a new trial was not necessary. In doing so, it recognized the difficulties that would arise in remanding without ordering a new trial where a jury had been involved, but given that Jones had been found guilty after a bench trial, the court surmised that such difficulties would not be present and thus a new trial was not necessary.

Aside from general fairness concerns and the ability to automatically disqualify a judge when a new trial is ordered—which we discuss above—Jones has shown us no other reason why the district court did not act within its discretion by remanding without ordering a new trial. Thus, we affirm the district court's order vacating the judgment of conviction from the magistrate's division.

Judge LANSING and Judge PERRY concur.

