**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46343**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 17, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LARRY MARVIN SEVERSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge.

Order denying leave to file successive petition for post-conviction relief, <u>affirmed</u>.

Larry M. Severson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Larry M. Severson appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, a jury found Severson guilty of first degree murder and poisoning in connection with the 2002 death of his wife. The district court sentenced Severson to life without the possibility of parole for the murder and to a concurrent sentence of five years for the poisoning. After an appeal, Severson's conviction and sentence were upheld by the Idaho Supreme Court, and a remittitur was issued on September 9, 2009. *State v. Severson*, 147 Idaho 694, 700-01, 215 P.3d 414, 420-21 (2009).

In October 2009, Severson filed his first petition for post-conviction relief. The district court denied the petition and Severson appealed. This Court reversed the district court's order and remanded for further proceedings. At the State's request, the Idaho Supreme Court reviewed the

1

decision, and on December 23, 2015, the Court vacated the district court's decision and remanded the case for further proceedings. *Severson v. State*, 159 Idaho 517, 363 P.3d 358 (2015) ("*Severson II*"). The district court held an evidentiary hearing and dismissed the first petition. Severson appealed and this Court affirmed in an unpublished opinion. *Severson v. State*, Docket No. 45780 (Ct. App. April 24, 2019). In May 2014, Severson filed his first successive petition for post-conviction relief. He alleged that post-conviction counsel failed to raise issues related to expert testimony. The district court declined to permit Severson to file the successive petition and dismissed the claims. After the district court denied Severson's motion for reconsideration, he appealed. In an unpublished decision this Court affirmed. *Severson v. State*, Docket No. 42594 (Ct. App. April 11, 2016).

In October 2016, Severson filed a motion for leave to file a second successive petition for post-conviction relief. In his second successive petition, Severson alleged that he had discovered new evidence regarding the effect of certain medications on female patients and asserted claims of ineffective assistance of appellate and post-conviction counsel for failing to raise Confrontation Clause claims, prosecutorial misconduct, improper jury instructions, and cumulative error. The district court issued a notice of intent to dismiss and Severson filed a motion to stay pending the outcome of *Severson II*. The district court denied the motion to stay and dismissed the successive petition.

In 2018, Severson filed a motion for leave to file his third successive petition[1] for post-conviction relief, alleging newly discovered evidence, which is the subject of this appeal ("Third Successive Petition"). Severson claimed that recent medical literature on the drug Ambien relative to female patients undercuts the medical testimony at trial and the reliability of the jury's verdict. The district court entered a notice of intent to dismiss the petition and denied Severson's request for counsel. It stated that Severson's grounds for seeking a new trial were previously adjudicated and the same issues were raised at trial. Additionally, the district court stated that Severson failed to satisfy the requirements for a new trial; the evidence would still support the jury's verdict; and

---

[1]     Severson filed a motion for leave to file a successive application for a new trial. This was construed by the district court to be his third successive petition. This motion was filed in the underlying criminal matter and has never been litigated as a new, civil matter.

the court would not grant leave to file a successive petition while the appeal of an earlier petition was pending.

The district court held a hearing on its notice of intent to dismiss. Severson argued it was important that his case be given a new case number so he would have the opportunity to "perfect" his petition. Without addressing the request, the district court denied the motion for leave to file a successive petition and dismissed Severson's successive petition. In its order, the district court held that the issues were previously litigated in prior proceedings; Severson failed to satisfy the elements necessary for a new trial as the evidence would not undermine the jury's verdict; and leave would not be granted while the prior appeal is pending. Severson then filed a motion requesting a civil case number be assigned to the petition; the district court denied the motion. Severson timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. An original petition must be filed within one year from the expiration of the time for appeal, from the determination of an appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made, which were not known when the original petition was filed, were asserted within a reasonable period of time, once those claims were known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

# III.

# ANALYSIS

The district court denied Severson's motion for leave to file a third successive petition because he asserted issues that were previously adjudicated, failed to satisfy the elements for a new trial, and had an appeal pending in a prior case. Severson argues the district court erred. The State contends that the denial order is void because the district court did not have the jurisdiction to consider a civil motion in a criminal case and, alternatively, that the district court otherwise correctly denied the motion. For the reasons set forth below we affirm.

## A.    The District Court Had Jurisdiction to Rule on Severson's Motion

As an initial matter, we address the State's argument that the district court lacked jurisdiction to rule on Severson's motion. "Whether a court lacks jurisdiction is a question of law that may be raised at any time." *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Over questions of jurisdiction we exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

Neither party contests the procedural history: the underlying judgment was entered in 2005 and affirmed on appeal in 2009. The State asserts that once the remittitur issued, the district court's jurisdiction expired and, specifically, that post-conviction issues may never be litigated in the underlying criminal case. Citing *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), the State argues that because post-conviction proceedings are civil in nature and separate from criminal proceedings, a motion filed in a criminal case cannot be considered as a pleading commencing civil litigation. This assertion is correct. A district court's jurisdiction is completed upon the entry of the judgment and sentence or its affirmance on appeal. *State v. Pratt*, 128 Idaho 207, 211, 912 P.2d 94, 98 (1996). Unless a statute or rule provides otherwise, the trial court's jurisdiction expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016). On this point, the Idaho Supreme Court held in *Jakoski* that: "It would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation." *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.

Recently, the Idaho Supreme Court revisited the issue in *State v. Hooley*, ____ Idaho ____, ____ P.3d ____ (March 9, 2020). In *Hooley*, the motion was filed in the criminal case. In determining whether the district court erred in its construction of an ambiguous motion, which

4

could have properly been construed as a criminal motion or a petition for post-conviction relief, the Court stated:

> [T]he issue in this case arises at the juncture *before* a filing occurs in either the underlying criminal case or a post-conviction proceeding. Those proceedings are like parallel railroad tracks. *Jakoski* stresses that once a filing is placed on the criminal track, no switch exists to transfer it to the post-conviction track. Thus, the party seeking relief *must make clear its intent to place the issue on one track to the exclusion of the other.* Here, because Hooley's filing presented an issue that could be set on either track, Hooley was required to sufficiently indicate to the district court that his filing should be placed on the post-conviction track.
>
> . . . .
>
> As filed, Hooley's submission failed to demonstrate the clear intent to file a petition for post-conviction relief.

*Id.* at \_\_\_\_, \_\_\_\_ P.3d at \_\_\_\_ (emphasis added). The reasoning in *Hooley* indicates *Jakoski* applies when a filing is intentionally placed on the "criminal track." In other words, a filing cannot intentionally be filed in the underlying criminal matter with the intent of litigating a civil matter. However, under the circumstances of this case, while Severson did file his motion with the criminal case number, his intent was clear; the pleading identified he was seeking to file a petition for post-conviction relief and asked repeatedly that the case be given a civil case number. As required by *Hooley*, Severson made clear his intent to place his issue on the civil track as opposed to the criminal one. It appears the district court adhered to the substance-over-form approach acknowledged in *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969), treating the motion as a successive petition for post-conviction relief. As acknowledged by *Hooley*, a district court may properly treat a filing as a petition for post-conviction relief when the petitioner clearly states the intent to do so. Accordingly, Severson did not file a criminal motion which commenced a civil proceeding, he filed a motion which the district court, per his request, properly construed as a petition for post-conviction relief, even though the district court did not direct that the motion be given a civil case number. For these reasons, we cannot say the district court lacked jurisdiction to consider Severson's motion.

**B.    The District Court Did Not Err by Denying Severson's Third Successive Petition for Post-Conviction Relief**

**1.    Severson failed to challenge the alternative bases for denial of the motion**

The district court determined Severson's third successive petition for post-conviction relief had not raised any new issues not previously litigated and failed to establish each element of the standard under which requests for new trials are evaluated. Additionally, the district court refused

5

to grant the motion while a prior appeal was pending. In his opening brief on appeal, Severson: (1) argues that at the time of his trial certain dangers and lethality of sleep-aid medications with females was not as well known, (2) points to the literature and physician letter he submitted, and (3) claims that the district court erred in failing to find a genuine issue of material fact as to whether his wife accidently died from an overdose. Severson does not address the district court's holding that the issue has already been litigated or that a successive petition is inappropriate while a prior petition remained pending on appeal. We, therefore, affirm on these alternative grounds.

As to the issue having been previously litigated, the district court noted that the issue of the role of medications in Mrs. Severson's death was litigated at trial, on direct appeal, and the first petition for post-conviction relief. The district court stated:

> Petitioner currently argues that there is n[e]w evidence that shows that Ms. Severson may have died from an accidental Ambien overdose. Petitioner's assertion that he is entitled to a new trial based on newly-discovered evidence supporting the same theory of the case takes an overly narrow view of what constitutes previously litigated issue for the purposes of post-conviction relief. Such an interpretation is inconsistent with the Supreme Court's ruling in *Charboneau*, which was clear that an issue or theory that has been argued in earlier proceedings is considered to have been litigated, and is thus barred from subsequent proceedings. Therefore, as explained in the Court's Notice of Intent to Dismiss, because Petitioner has previously argued that evidence suggests the substances found in Ms. Severson's body might have caused her accidental death, Petitioner is not entitled to file a successive petition for post-conviction relief based on the same issue.

As to the pendency of the prior appeal, the district court stated that the pending appeal could moot the presently advanced claims, and that judicial economy would not be served by allowing another successive petition.

An appellant's failure to address an independent ground for a summary dismissal is fatal to the appeal. *Weisel v. Beaver Springs Owners Ass'n, Inc*., 152 Idaho 519, 525, 272 P.3d 491, 497 (2012). The fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment is sustained upon one of the other grounds. *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 164, 307 P.3d 176, 181 (2013). Thus, if an appellant fails to contest all of the grounds upon which a district court based its grant of summary dismissal, the judgment must be affirmed. *Id*. Because Severson fails to address all the grounds upon which the district court based its order, we affirm the order.

## 2.    Severson failed to satisfy the element necessary for a new trial

Even if we review the district court's holding that Severson failed to satisfy the elements necessary for a new trial, Severson has shown no error. Severson claims he should be entitled to a new trial because he discovered new evidence addressing the medical community's current understanding of the side effects and proper dosages of Ambien, especially for females, which has evolved since his trial in 2004. He claims that the current evidence indicates that the medical testimony at trial was not accurate and the jury's verdict is not reliable. On the other hand, the district court concluded that:

> In addition, Petitioner argues that if he were allowed to proceed with his new evidence, "a jury would be faced with competing medical opinions in determining whether there is a reasonable doubt as to guilt." Pet.'s Mem. at 9. However, that was also the case at Petitioner's trial, and was addressed on appeal. As explained above, the Supreme Court noted that the evidence supported *both* possible causes of Mary's death, and the inability to definitively eliminate one did [not] preclude the jury from convicting Petitioner. *Id.* The Court also found that there was substantial circumstantial evidence linking Petitioner to Mary's death, including a motive and opportunity, another recent poisoning attempt, and Petitioner's efforts to prepare people for her death and conceal the circumstances surrounding her death. *Id.* at 714, 215 P.3d at 434. Therefore, even excluding the allegedly outdated medical testimony, sufficient evidence existed for a jury to convict Petitioner, and for the Supreme Court to affirm that verdict on appeal. As a result, the Court cannot conclude that new evidence that is consistent with the evidence already admitted at trial is likely to lead to Petitioner's acquittal at a new trial.

"The request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict." *Johnson v. State*, 156 Idaho 7, 12, 319 P.3d 491, 496 (2014). Thus, Petitioner must establish:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that the failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*Id*. "Whether a fact is material is determined by its relationship to the legal theories presented by the parties." *Id*.

The district court concluded that the new evidence would not likely produce an acquittal and, therefore, Severson's claims do not satisfy the elements necessary for a new trial. We agree. Severson has failed to show that the district court erred in denying his motion to file a successive petition.

7

## IV.
## CONCLUSION

Because the district court did not lack jurisdiction, we hold it properly denied Severson's order, which was construed as a third successive petition for post-conviction relief. Because Severson failed to assign error to all the district court's determinations on appeal and because Severson's claims fail to show a basis for a new trial, we affirm the dismissal of his petition for post-conviction relief.

Judge BRAILSFORD and Judge Pro Tem MELANSON **CONCUR**.