IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49538

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

ZANE DEREK MOON,

        Defendant-Appellant.

)
)  **Filed:  April 28, 2023**
)
)  **Melanie Gagnepain, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)
)

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Michael Lojek and Hon. Kira Dale, Magistrates.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for disturbing the peace, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

      Zane Derek Moon appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming Moon's judgment of conviction for disturbing the peace.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      After being charged with domestic assault, Moon entered an *Alford*[1] plea to an amended charge of disturbing the peace.  I.C. § 18-6409.  During the change of plea hearing, the magistrate

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

court asked whether Moon believed the plea agreement was in his best interests. When the magistrate court observed that "it seemed like [Moon] hesitated a little bit" before responding, he denied doing so. The magistrate court subsequently accepted Moon's *Alford* plea. After receiving a suspended jail sentence and a two-year term of supervised probation, Moon filed a notice of appeal.

On intermediate appeal to the district court, without expressly alleging a reversible error by the magistrate court, Moon requested that the district court "render a decision that would allow him to file an [I.C.R.] 33(c) motion . . . despite the request being made" more than forty-two days after sentencing. The district court declined to remand the case, reasoning that the magistrate court lacked jurisdiction to consider an I.C.R. 33(c) motion because his judgment of conviction had already become final. Moon again appeals.

## II.

## ANALYSIS

Moon argues that the district court erred by determining that his judgment of conviction was final because it had yet to be affirmed on appeal. The State responds that Moon has failed to assert a reviewable error by the magistrate court, invited or waived any such errors, and has failed to show good cause for remand. We hold that Moon has failed to show that he is entitled to appellate relief.

On intermediate appeal to the district court, Moon asserted for the first time that his *Alford* plea was not knowing, intelligent, and voluntary. In support of this contention, Moon cited his apparent "hesitancy" during the change of plea hearing as evincing the invalidity of his plea. Although "mindful of the ruling in S*tate v. Green*, 130 Idaho 503, 943 P.2d 929 (1997), and *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003)," Moon further indicated that he "wished to . . . further elaborate the need to correct the manifest injustice that has resulted in his guilty plea" by filing a motion to withdraw his guilty plea before the magistrate court. To facilitate this, Moon requested that the district court "render a decision that would allow him to file an [I.C.R.] 33(c) motion and for the substance of that motion to be considered by the magistrate court." The district court affirmed Moon's judgment of conviction without remanding the case, reasoning that the magistrate court lacked jurisdiction to consider an I.C.R. 33(c) motion because the judgment of conviction was final as more than forty-two days had elapsed since its entry. Moon faults the

district court for failing to recognize that his judgment of conviction had not yet become final due to his pending intermediate appeal.

Before considering Moon's substantive arguments, we first address the applicable standard of review. Moon urges application of the standard of review used when a district court, sitting in its appellate capacity, has reviewed an alleged error by a magistrate court. Under that standard, we review the record to determine whether substantial, competent evidence supports the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). Then, as a matter of appellate procedure, our disposition of the appeal affirms or reverses the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). This standard of review is inapplicable, however, as Moon has not alleged an issue on appeal involving findings of fact or conclusions of law by the magistrate court. Indeed, Moon's issue on appeal involves no decision or action taken by the magistrate court at all. Rather, Moon asserts an error by the district court on intermediate appeal resulted in an inappropriate appellate *remedy*. Specifically, Moon asserts that the district court's erroneous conclusion that his judgment of conviction was final resulted in the denial of his request for a remand.

This Court has previously applied an abuse of discretion standard when reviewing a district court's determination of the appropriate appellate remedy. *See State v. Jones*, 146 Idaho 297, 298, 193 P.3d 457, 458 (Ct. App. 2008); *State v. Elisondo*, 103 Idaho 69, 73, 644 P.2d 992, 996 (Ct. App. 1982). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Moon fails to address these considerations in his opening appeal brief. Instead, Moon advances the conclusory assertion that, because the district court erred by determining his judgment of conviction was final, "this case should be remanded to the trial court so that [he] may file any timely motions he believes are appropriate." Essentially, the sole outcome Moon seeks is an extension of the time period during which he can move to withdraw his guilty plea.

3

Not only has Moon failed to identify or apply the appropriate standard of review, but he also did not provide cogent argument or relevant legal authority to support his conclusory assertion that remand is appropriate. To the contrary, Moon does not even cite authority permitting the district court to remand in the absence of an alleged error by the magistrate court. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

In sum, Moon has failed to satisfy the applicable appellate standards for consideration of an issue on appeal by failing to address the appropriate standard of review and relying upon conclusory arguments that lack citation to relevant supporting legal authority. *See* I.A.R. 35(a)(6); *see also State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (noting the appellate court's "main concerns" are whether the party relied on conclusory arguments, provided authority to support arguments, and made an attempt to address factors relevant to decision on the issues presented); *Zichko*, 129 Idaho at 263, 923 P.2d at 970 (requiring a party to support issues with authority and argument). Accordingly, Moon has failed to show the district court committed reversible error by refusing to remand the case to the magistrate court.

## III.

## CONCLUSION

Moon has failed to address the appropriate standard of review or provide cogent argument and authority that the district court committed reversible error by refusing to remand to the magistrate court. Consequently, the district court's decision, on intermediate appeal from the magistrate court, affirming Moon's judgment of conviction for disturbing the peace is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.